No. 7886.

## THE STATE OF LOUISIANA EX REL. A. V. WOGAN VS. THE MECHANICS' AND TRADERS' BANK.

In the particular case provided for by Section 284 R. S., an action for forfeiture and liquida-tion of a Free Bank may be instituted by a creditor and without the intervention of the Attorney General.

The allegations of the petition herein, even if not of themselves sufficient to sustain the demand, are enlarged by the admissions contained in the answer of defendant, which are to be treated as if the same facts had been established by evidence offered and received without objection. These facts establish a state of legal insolvency and of violation of the conditions of the act sufficient to support the decree.

APPEAL from the Fifth District Court for the Parish of Orleans. Rogers, J.

State ex rel. Wogan vs. Bank.

*Singleton & Browne, E. W. Huntington* and *H. L. Dufour* for the Commissioners, Appellees.

*Thos. J. Semmes, Henry Denis* and *C. F. Buck* for the Appellants.

*James Lingan* for the absent Creditors.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an appeal by persons claiming to be third parties and to have an appealable interest from a judgment forfeiting the charter of a Free Bank and appointing Commissioners to liquidate its affairs.

The transcript contains no note of evidence, no statement of facts, no bill of exceptions and no assignment of errors.

The certificate of the clerk of the District Court is to the effect " that the foregoing 139 pages do contain a true and correct transcript, as per agreement on file, of all the proceedings had, documents filed and evidence adduced on the trial of the cause wherein the State ex rel. Wogan is plaintiff and the Mechanics' & Traders' Bank is defendant, instituted in the said Court and now of record thereof under the No. 9744."

The case presents substantially the same features as that of Morton vs. Owners of Steamboat Chalmette, 15 An. 708.

As was said in that case, we say in this: " It is obvious that this Court is not in possession of all the evidence on which the case was tried in the lower court. The certificate of the clerk shows negligence on the appellant in not causing the testimony of the witnesses to be reduced to writing and in not procuring a statement of facts. We must dismiss this appeal *ex officio*."

In that case the appellant was the defendant. In the present one the appellants are third parties.

Under the agreement mentioned in the clerk's certificate, either party could supplement the deficient transcript at any time before the argument of the case in this Court, by filing original papers or certified copies. Nothing of the kind was done.

They could not have caused the testimony to be taken down, or a note of evidence made, but they might have procured a statement of facts. Third parties appealing have no greater rights than the parties to the suit. They are all equally bound to cause to be prepared and to submit such a transcript as will enable the appellate court to pass upon the merits of the case as the lower court itself did. Where they fail to do so, they are exposed to like risks and perils.

The appellants should at least have filed here an assignment of errors. In the absence of such, the law says that " *the appeal shall be rejected*." C. P. 897.

Appeals in cases similar to the present one have invariably been dismissed on motion; but that proceeding is unnecessary, although useful. The Court can *proprio motu* dismiss such appeals. 15 An. 708; 21 An. 458; 20 An. 141; 23 An. 746; 29 An. 71; 24 An. 20; 30 An. 630; H. D. 76; L. D. 47.

Appeal dismissed at costs of appellants.

### On Rehearing.

FENNER, J. Considering the absence of any motion to dismiss and the agreement of counsel found in the record consenting to the omissions from the record, we will revoke our former decree dismissing the appeal.

### On the Merits.

We reach the following conclusions on the questions presented, viz:

1. That under Section 284 of the Revised Statutes, the action for forfeiture of defendant's charter was properly brought by a creditor without the intervention or assistance of the State.

2. That the use of the name of the State was non-essential and superfluous and did not vitiate the proceeding, the true plaintiff being the relator.

3. That the answer filed by the attorneys of the Bank must be deemed to have been filed with due authority, and dispensed with the necessity of citation. It would have been absurd to cite a defendant who had already appeared and answered.

4. That, even if the allegations of the petition were not of themselves sufficient to justify the forfeiture and liquidation, the admissions of fact contained must be treated as if evidence of the same facts had been offered and received without objection, thereby enlarging the original allegations and authorizing the court to act upon such evidence.

5. That the admissions of defendant "that circumstances have made it its peremptory duty to abstain from receiving further deposits and making further payments, and that it has suspended payment both in justice to its depositors, creditors and stockholders; that it is, for the present, beyond its power to meet its cash liabilities," establish a state of legal insolvency and a violation of the implied conditions of the laws authorizing its corporate existence, such as justified the forfeiture of its charter under R. S. Sec. 284 and C. C. Art. 447.

6. That the appellants, who were the President and Directors of the Bank at the date of those proceedings and who are presumed to have authorized the answer of the Bank, who knew of all the proceedings, who made no objection thereto at the time, who participated, in

various ways, in the ensuing liquidation, present no claims to consideration in an appeal only taken by them on the last day of the year allowed by law for a devolutive appeal, and whose asserted motive and interest to appeal are based on an action brought against them by the liquidating Commissioners.

It is, therefore, ordered that our former decree herein dismissing the appeal be annulled and set aside; and it is now ordered, adjudged and decreed that the judgment appealed from be affirmed at appellants' cost.