The opinion of the court was delivered by
Breaux, J.
This suit arises (from the fact that the defendant issued a number of notes, secured by mortgage, amounting in all to twelve thousand dolllars ($12,000), which he placed in the hands of Louis E. Grevenig, seeking thereby to shield them from the claims of his creditors. Mendelsohn, plaintiff and holder of these notes, representing the firms of Elias Block & Sons and Melialovitch, Fetcher & Company, sued out the writs of- seizure and sale against the defendant, one on a note for six thousand dollars ($6,000), and the other on a note for two thousand dollars ($2,000).
*1105 The defendant enjoined the execution of the writ in each suit on the same grounds. The issues here are tried on the six thousand dollar ($6,000) note.
The grounds of injunction were that the notes had been issued without consideration and that the. mortgage with which they were identified and secured was equally without consideration and, therefore, null and void; that he (defendant) entrusted these notes, with others, to Grevenig for safe keeping and he (Grevenig) afterwards wrongfully refused to return them. He alleges that he did not know, and therefore could not allege, in what manner or for what consideration, if any, and from whom plaintiff got and acquired the notes sued on by him. He represents that he believes that plaintiff received these notes from Grevenig, without consideration, or in satisfaction of a pre-existing debt in amount less than their face value. He also alleges that whether or not any consideration was given by the holder, Mendelsohn, he took them long after maturity (whether in good or bad faith), and subject to all the defences which he, the maker (Blaise), has against Grevenig, and that the mortgage by which they were secured as to their payment was on grounds just stated equally as null and void.
Mendelsohn, answering the petition for an injunction, pleads the general denial and sets out that he holds the note in good faith for value and that it is not, as against him, as holder, subject to any equity. He claims damages and prays for the dissolution of the writ of injunction.
John Fitzpatrick, subrogated to the rights of P. A. Bacas, a judgment creditor of Peter Blaise and others, intervened and averred that the note sued on and the mortgage security were simulations and void; that the mortgagee was a mere nominal party to the act; that the note was entrusted to Grevenig for safe keeping; and that plaintiff came into possession of it after maturity and subject to all equities; and that same is. true of the mortgage which plaintiff claims to hold as mortgagee.
As relates to the defendant, Blaise, the record discloses that at the time he executed the mortgage he received no consideration therefor and that the notes remained in the hands of the notary for some weeks; that originally Blaise, the maker of the notes and mortgage, intended to raise money, which he greatly needed at the time, by negotiating them. But afterwards, apprehending a writ of attachment, *1106 he handed twelve thousand dollars ($12,000) in cash, (the.face value of all the notes) to Grevenig and appeared before the notary public who had prepared the act of mortgage and in whose possession the notes were and went through the form of receiving back the amount he had handed to Grevenig and of handing the notes to him (Grevenig) as if he had paid for them in cash. The act was a paper mask, a shadow of title to which they, defendant and Grevenig, endeavored to give the appearance of reality.
In the course of time, Grevenig transferred the notes as his own to plaintiff as security. He entirely broke faith with the defendant. The evidence shows that, in accepting these securities, plaintiff acted under the advice of an attorney. The mortgage transferred by Blaise to Grevenig was executed in October, 1895, as was also the note. The transfer of the note and mortgage was made by Grevenig to plaintiff, Mendelsohn, in May, 1897. The payment and subrogation to Fitzpatrick was made in 1898. The judgment to which he was subrogated was pronounced in March, 1896.
. On the trial of the case, he, as a witness, claimed them as his own, and attempted to make out a case of ownership in himself. The evidence abundantly shows that this was not in accordance with the facts, and that Blaise, the defendant, who was in a financially embarrassed condition, had placed them in his hands as a protection against his creditors.
The judgment is against Peter Blaise, plaintiff in injunction, and in favor of Mendelsohn, dissolving the writ of injunction. The judgment as relates to the intervention is in favor of John Fitzpatrick and against the property under seizure to the extent that his judicial mortgage shall take' rank after the payment of the amounts due plaintiff in injunction. The court refused to confirm the default against Grevenig, who was a party and against whom a default had been entered.
The intervenor prosecutes a suspensive appeal from the judgment of the District Court and the defendant a devolutive appeal.
The holder of paper taken by him after maturity and consequently dishonored, may yet be entitled to protection from the demand of the maker, if hi3 (the maker’s) demand is against good conscience. The act whereby defendant sought to shield these notes and 'the mortgage from the suit of his creditors is one condemned by express provision of law. Simulated transfers are always condemned, when made with *1107 a view of gaining- an undue advantage. The one by whom the transfer is made is not at liberty to plead its illegality and simulation, lie cannot come against his own deed. Nemo contra factum suum venire potest. The courts will not maintain acts done in “contravention of the spirit and intent of the law, and they refuse to furnish the machinery of Justice for the investigation of disputes originating in the violation of express or implied public ordinances”. The court will not lend its aid to such cases, but will leave the parties where their own conduct has placed them. Cross on Pleadings, p. 82, citing a number of decisions in support -of the text.
The property of the debtor is a pledge to his creditors, not to be disposed of save in due course of business. A vendor, seeking to deprive creditors of their general privilege on his property, cannot prove that he did not receive the price, to the prejudice of third persons who bought the property.
The plaintiff, holder of the securities, so far as the record discloses, knew nothing of the transfer made by the defendant to his transferee., lie stands before the court as holder for full value. It follows that against his title defendant’s testimony cannot-be heard to prove that, previous to becoming the owner, he had trusted the transferee and had been imposed upon and deceived by him. “When the debtor’s fraudulent vendee sells to a second purchaser, -the latter, if in good faith will hold the property,” aliter, if in bad faith.' Hiriart vs. Roger, 13th La., 126. The defendant, as between him and the plaintiff, must be left where he has chosen to place himself. He has no one to blame but himself.
At this point we take up the intervenor’s demand, presenting a different issue entirely. It is contended on his part that he is entitled to recover the amount of his claim. •
While it is true' that he is an innocent third person, plaintiff.is equally a third person. Each represents claims which are entitled to recognition.
Plaintiff, Mendelsohn, received the securities in pledge in the due course of business. He trusted his transferror, Grevenig, because of this pledge. The mortgage he holds is prior in date. He, plaintiff, acquired the right to recover this amount against the defendant, despite the opposition of the intervenor.
He, the intervenor, is without right to defeat the collection of a claim thus acquired.
*1108 In Gravier’s Curator vs. Carraby’s Executor, 17 La., 127, the court said (relative to contracts without a cause or with an unlawful one), “The law gives no action to enforce them, whoever may demand it, unless it be in the case of innocent holders of the evidence of such contracts in a commercial form.”
Again, intervenor has not shown prejudice to his rights. It does not appear that defendant, Blaise, is insolvent to such an extent that he, the intervenor, will lose any part of his claim. There is evidence of record going to show that the property seized is worth more than the amount of plaintiff’s claim. This property may be enough to pay both claims. We are inclined to the opinion that, to sustain the intervention, it should appear of record that there is not enough property subject to these claims to pay both. If there is property sufficient to pay both plaintiff and interventor, the question presented for our decision loses all importance.
Whilst the evidence shows that the conveyance by Blaise to Grevenig was a simulation, it also shows a real contract between the parties (i.e. between Grevenig and plaintiff, Mendelsohn), in the form of a sale and possession of the plaintiff. Under these circumstances, the law requires the creditors to resort to a revocatory action or to a demand to have it decreed a simulation. Kirkland vs. N. O. Gaslight & Banking Co., 1 A., 899; Weld vs. Peters, 1 A., 432; Lindeman vs. Theobalds, 2 A., 913.
Defendant cites case of Goodwin vs. Naustadtl, 47 A., 841. There were two cases between these parties. We have given them a careful reading. There is a marked difference between them and the case here. The issue arose between a mother-in-law, transferror, and her son-in-law, transferee, of a simulated title. In the first suit in which simulation was pleaded the plea was not sustained; in the second suit, there were third persons interested and the defendant was made to pay a consideration which he denied was due. In the case now before us for decision, the defendant is held bound by his. solemn declaration that he was indebted to the mortgagee, a different issue than that decided in the cited case.
The principles of the law governing this ease, the court said in Stewart vs. Newton, 12 A., 622, are “set out in the Code”. “They “ give creditors who have obtained a pledge in good faith a right to “ hold the pledge against one who has put his property in the hands *1109 “ of any one.” A principle applying in the case before us for decision.
The judgment is therefore affirmed at appellant’s costs.
Rehearing refused.