(92 South. 328)

No. 25017.

WALLER v. COLVIN et al. (two cases.)

(May 8, 1922. Rehearing Denied by Division
C June 5, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Reformation of instruments ⬥45(5)—Misdescription of property held manifest on face of record.**

Where one owning only 147 acres of land, including the S. W. ¼ of the S. W. ¼ of section 13, by an act of sale duly recorded, conveyed land described as 147 acres and as embracing the S. W. ¼ of the N. W. ¼ of section 13, and other subdivisions, an intent to convey the S. W. ¼ of the S. W. ¼ owned by the grantor was manifest on the face of the record, as it could not be presumed that she intended to commit a fraud by selling property which she did not own.

**2. Pleading ⬥127(1)—Answer held to admit intent to convey all property owned.**

In a suit to correct an alleged misdescription in defendant's deed to C. and his deed to plaintiff, an answer alleging that the pretended sale to C. was no sale at all, and that no price was intended to be or in fact paid, and that the transaction was a donation omnium bonorum disguised as a sale, amounted to an admission that defendant intended to convey all of her property.

**3. Reformation of instruments ⬥45(5)—Grantee's possession held convincing proof of intent to convey land claimed.**

In a suit to reform a deed, testimony that those claiming under the deed had been in actual possession of the land claimed since its date during a period of over 20 years openly, publicly, and without disturbance of any kind from adverse claims, was most convincing proof of an intent to convey such land.

**4. Reformation of instruments ⬥29—Error may be corrected between parties but not to prejudice of third persons.**

An error in the description of real estate may always be corrected between the parties to the act in which it appears, but not to the prejudice of third persons acting in good faith and acquiring rights with respect to the property erroneously described.

**5. Reformation of instruments ⬥13(1)—Proper remedy when property misdescribed in deed.**

In cases of misdescription of property in a deed, the proper remedy is by action to reform the instrument, so as to make it conform to the true agreement of the parties.

**6. Reformation of instruments ⬥44—Parol evidence admissible to show error in description of real estate.**

Parol evidence is admissible to show an error in the description of real estate in an act of sale, though its effect be to take out one piece of real estate and substitute another, this not proving a sale of immovable property by parol nor contradicting a valid existing instrument, but showing that the instrument does not express the meaning and intention of the contracting parties.

**7. Reformation of instruments ⬥44—Fraud in procuring deed, want of consideration, or that it was a donation omnium bonorum cannot be shown against innocent purchaser.**

Under Civ. Code, arts. 2236, 2266, relative to the recording of contracts, and the admissibility of parol testimony, in a suit to reform recorded deeds from defendant to C., and from C. to plaintiff, who purchased from C., on the faith of the records, oral evidence was not admissible to show fraud on C.'s part in obtaining the deed, or to show that the act of sale was intended as a donation omnium bonorum, and therefore void, or that no consideration was paid.

**8. Reformation of instruments ⬥23—Person cannot claim under erroneous description in deed, without admitting that land passed under same description in her deed.**

Where defendant acquired title to land by the same erroneous description by which she sold, and her grantee sold to another, she cannot claim under the deed without admitting that, by the same description, the land passed to her grantee and from him to the subsequent grantee, in an action for reformation.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Two actions by S. C. Waller and J. T. Waller against J. D. Colvin and others. From judgments for defendants, plaintiffs appeal. Judgments annulled, avoided, and reversed, and judgment rendered for plaintiffs.

Smitherman & Tucker, of Shreveport, Mc-Clendon, Morelock & Seals, of Homer, and Thigpen, Herold & Lee, of Shreveport, for appellants.

Donelson Caffery, of New Orleans, and John F. Phillips and James L. Dormon, both of Shreveport, for appellees.

By Division B, composed of Justices O'NEILL, LAND, and BAKER.

LAND, J. These cases have been consolidated for purposes of trial. The plaintiff in each case seeks to have his deed corrected and reformed as to the description of the property therein conveyed.

In these cases no third persons have acquired any rights affecting the property erroneously described.

The plaintiff, S. C. Waller, in actual possession for many years, of the S. W. ¼ of S. W. ¼ of section 13, township 23, range 8, in Claiborne parish, attempts in this suit to have corrected the misdescription as to this 40-acre tract, erroneously described in the deed as the S. W. ¼ of N. W. ¼ of said section. Plaintiff, as shown by the public records, is the immediate vendee of J. D. Colvin, the original vendee of Mrs. Mary E. Pearson, wife of W. T. Pearson, who is the present record owner of the S. W. ¼ of S. W. ¼ of said section. Plaintiff alleges this error of misdescription in his petition and his intention to buy and the intention of J. D. Colvin to sell him the S. W. ¼ of S. W. ¼ of section 13. He also alleges the intention of J. D. Colvin to buy, and of Mrs. Mary E. Pearson to sell to J. D. Colvin, the same property. Plaintiff has made Mrs. Mary E. Pearson, the present record owner, and her original vendee, J. D. Colvin, parties to this suit, as well as the heirs of W. T. Pearson, deceased, husband of the defendant, Mrs. Mary E. Pearson, who resists the right of plaintiff to have his deed corrected and reformed, on the ground that the purported act of sale from her to J. D. Colvin, of date August 18, 1893, was intended by her as a donation omnium bonorum, which divested her and her husband of all their property, and which is therefore null, void, and of no effect under article 1497 of the Civil Code. She also charges in her answer that said donation was obtained by J. D. Colvin through the fraudulent representation by him that he would support her and her husband during the remainder of their natural lives; that the said Colvin, as soon as he had obtained the apparent title in his name to said property, immediately commenced to dispose of same to various parties, and has utterly failed to comply with the conditions upon which said property was donated to him.

The act of conveyance from Mrs. Mary E. Pearson to J. D. Colvin, of date March 17, 1893, purports upon its face to be a sale by authentic act of 147 acres of land, including "the S. W. ¼ of N. W. ¼ of section 13, township 23 N., of range 8 west," Claiborne parish; the property therein described is "sold, transferred, and delivered with a full guaranty of title unto J. D. Colvin"; and it is recited in this act that "this sale is made for the sum of and price of $500 cash in hand paid, the receipt of which is hereby acknowledged." As shown by the act, Mrs. Mary E. Pearson executed the same with the due authority and assistance of her husband. W. T. Pearson, who, in signing the act with his wife, wrote above his name the following authorization: "I authorize my wife to sign this deed."

This act was duly recorded in the conveyance records of Claiborne parish, March 20, 1893.

On August 18, 1893, the plaintiff, S. C. Waller, purchased from J. D. Colvin the same 147 acres of land conveyed to him by Mrs. Mary E. Pearson, including "the S. W. ¼ of N. W. ¼ of section 13, etc.," for a consideration of $400 and with full warranty of title.

This act was duly recorded in Claiborne parish, April 18, 1894.

On October 20, 1891, W. T. Pearson made a dation en paiement to Mrs. Mary E. Pearson, his wife, of 187 acres of land, correctly described in so far as the "W. ½ of the S. W. ¼ of section 13, township 23, range 8," is concerned, and which included the S. W. ¼ of the S. W. ¼ of section 13, same township and range.

On November 24, 1891, Mrs. M. E. Pearson, after this dation en paiement had been made to her, sold to W. A. Harrist "the N. W. ¼ of the S. W. ¼ of section 13, in township 23 north, of range 8 west," which was also included in the "W. ½ of the S. W. ¼ of section 13, township 23, range 8," which was conveyed to her in the act of dation en paiement.

By the sale of this 40-acre tract to Harrist by Mrs. Pearson, the original acreage of 187 acres acquired by her from her husband was reduced to 147 acres, described in the deed of Mrs. Pearson to J. D. Colvin.

Mrs. Pearson did not own any land in the N. W. ¼ of section 13, township 23, range 8; all of her holdings in this section being in the W. ½ of the S. W. ¼ and including the N. W. ¼ of the S. W. ¼, sold by her to Harrist, and the S. W. ¼ of the S. W. ¼ of said section 13 now in controversy in this case.

[1] As it cannot be presumed that Mrs. Mary E. Pearson intended to commit a fraud upon J. D. Colvin by selling to him "the S. W. ¼ of N. W. ¼ of section 13," property which she did not own, and as the deed from her to Colvin calls for 147 acres of land, all that she had left after her sale to Harrist of the N. W. ¼ of the S. W. ¼ of section 13, a 40-acre tract, it is manifest upon the face of the public records that she intended to convey 147 acres of land to Colvin, and this tract necessarily included the "S. W. ¼ of the S. W. ¼ of section 13"; for, if we deduct this 40 acres, and the 40 acres sold to Harrist, from the 187 acres of land originally acquired by Mrs. Pearson from her husband we would have only 107 acres left to include in the Colvin deed, instead of the 147 acres therein expressly included and described.

[2] The allegation by the defendant Mrs. Pearson and her codefendants in the joint answer filed in this case, that the pretended sale by her to Colvin was no sale at all; that the parties to said act intended to pay no price, and that none was in fact paid; and that, instead of being a sale, it was a donation omnium bonorum made by Mrs. Pearson to Colvin, and disguised as a sale, is in itself an admission that she intended to convey to Colvin all of her property.

Mrs. Pearson, in her testimony on the trial of this case, admitted that neither she nor her husband owned any other real estate in Claiborne parish, except the 187 acres of land acquired by her from him in the dation en paiement, of date October 20, 1891.

[3] The testimony of S. C. Waller and other witnesses in this case shows that plaintiff has been in actual possession of the land in controversy since the date of his deed, during a period of over 20 years, openly, publicly, and without disturbance of any kind from adverse claims. This fact in itself is the most convincing kind of proof that the defendant Mrs. Mary E. Pearson intended to convey to J. D. Colvin the property in question.

The trial judge was of the opinion that, as this was a suit to reform a deed, that the door was thereby opened wide for the introduction of parol testimony as to all of the intentions of the parties, and oral evidence, though objected to, was admitted against the plaintiff, a third person purchasing upon the faith of the public records, to show that the authentic act of sale from Mrs. Mary E. Pearson to J. D. Colvin was intended as a donation omnium bonorum, which divested her and her husband of their

entire property; and that the purchase price named in said act as a consideration for said sale was not paid, nor intended by the parties to said act that it should be paid. In other words, the defendant Mrs. Pearson, was permitted to destroy by such proof the recorded act of sale, authentic in form, upon which plaintiff's title rested.

[4] An error in the description of real estate may always be corrected between the parties to the act in which it appears, yet such error cannot be corrected to the prejudice of third persons, acting in good faith, and acquiring rights with respect to the property as erroneously described. Adams et al. v. Drews et al., 110 La. 456, 34 South. 602.

[5] In cases of misdescription of the property in the deed, the act of sale is a valid instrument irregularly drawn up but which can be rectified so as to accord with the original intention of the parties. In such cases, the error is not as to the thing, but in its description, and the proper remedy is by action to reform the instrument, so as to make it conform to the true agreement of the parties. Levy v. Ward, 33 La. Ann. 1033; Coleman v. Thibodaux, 119 La. 478, 44 South. 269; Armstrong v. Armstrong, 36 La. Ann. 549.

[6] Parol evidence is admissible for showing an error in description of real estate in an act of sale, even though its effect be to take out one piece of real estate from the act and substitute another piece in its place. Sims v. Jeter, 129 La. 266, 55 South. 877; Palangue v. Guesnon, 15 La. 311; Levy v. Ward, 33 La. Ann. 1035; Vignie v. Brady & Charpeaux, 35 La. Ann. 562.

In such cases, the attempt is not to prove by parol a sale of immovable property, nor to contradict a valid existing written instrument, but to show that the instrument does not express the meaning and intention of the contracting parties. Vignie v. Brady, 35 La. Ann. 562, cited supra.

[7] As the rights of no third persons, affecting the property erroneously described, are at issue in this case, the plaintiff, as an innocent third person, purchasing upon the faith of the public records, must be protected. His act of sale from J. D. Colvin is a valid instrument, though containing a misdescription. From this act arises the right of plaintiff to have the description of the property conveyed to him correctly made. But this would not be possible, if the authentic act of sale from Mrs. Pearson to Colvin could be attacked and annulled by parol proof as to hidden defects or secret equities existing between the parties to same; for the plain reason, that this would be permitting the public records to be changed by oral evidence so as to destroy the recorded title upon which plaintiff's title rests in this case, and, without which, plaintiff would have no title at all, and therefore, no right to have his deed corrected and reformed, as he would have no author from which such right could emanate.

In the case of Broussard v. Broussard, 45 La. Ann. 1085, 13 South. 699, the court said:

"Whatever the secret equities between the vendor and vendee, and whatever their rights as between themselves, the former, who has placed on the public records a title valid on its face, cannot urge such equities against a bona fide purchaser for value from the vendee, who acted on the faith of such recorded title."

See, also, Hennen's Digest, Sale, V (a) No. 1; Breaux v. Royer, 129 La. 898, 57 South. 164, 38 L. R. A. (N. S.) 982.

In the case of Fletcher v. Peck, 6 Cranch (U. S.) 87, 3 L. Ed. 162, Chief Justice Marshall said that—

"If a suit be brought to set aside a conveyance obtained by fraud, and the fraud be clearly proved, the conveyance will be set aside, as between the parties; but the rights of third persons, who are purchasers without notice, for valuable consideration, cannot be disregarded. Titles, which, according to every legal test, are perfect, are acquired with that confidence which is inspired by the opinion that the pur-

chase is safe. If there be any concealed defect, arising from the conduct of those who had held the property long before he acquired it, of which he had no notice, that concealed defect cannot be set up against him. He has paid his money for a title good at law, he is innocent, whatever may be the guilt of others; and equity will not subject him to the penalties attached to that guilt."

The conveyance records are the only things to which one dealing with real estate or any real right ever needs to look, under repeated decisions of this court. Baird v. Atlas Oil Co., 146 La. 1099, 84 South. 366.

Contracts affecting immovable property must be in writing and are utterly null and void, except between the parties, until recorded, and can only affect third persons from the time of the recording. C. C. art. 2266.

It follows, therefore, that oral evidence was not admissible to show any fraud on the part of Colvin in obtaining the act of sale in this case, or to show that said act was intended as a donation omnium bonorum, and therefore null and void ab initio, as plaintiff is an innocent third person purchasing upon the face of the public records.

Nor could parol testimony be received in this case to show that no consideration was paid, as said act is authentic in form, and full proof of the recitals therein contained. C. C. art. 2236.

Where one, by the execution and placing of record of an authentic act, conveys property to another, he cannot be heard to deny the verity of the sale to the injury of a third person, purchasing from his vendee. Mendlesohn v. Blaise, 52 La. Ann. 1104, 27 South. 707.

In the case of Preslar & Tier v. Walker, 116 La. 665, 40 South. 1034, the court said:

"But, above all, the defendant cannot be heard to successfully contradict the recitals of the deed in order that she may be able to prove that between her and a third person it was a donation. She did not in any way attack the deed made by her father, Wasson, to her husband, Lee Walker; she never made the least attempt to reform it.

"At the trial the deed was offered in evidence by her, together with oral testimony contradicting it in essential particulars. This cannot be done. Recorded acts have a legal effect. They cannot thus be neutralized at convenience by a person who seeks to withdraw the property from the ownership of the person in whom it appears of record.

"True there are decisions (one of the number is cited above) in which it was held that testimony is admissible to show the real consideration of the act, but this rule has never been extended so as to enable the parties to prove, as against third persons, that the recitals of a deed of sale meant a donation." C. C. art. 2276; Succession of Guillory, 29 La. Ann. 495; Chaffe v. Ludeling, 34 La. Ann. 967.

In the case of Preslar & Tier v. Walker, cited above, the attack on the deed was made years afterwards, as in the present case.

The authorities cited by able counsel for defendants, holding that the donation could be declared null because of proof that it divested the donor of the means of subsistence, and that no estoppels are admissible to validate the transfer, all relate to contests between the original parties to the donation. Jaco v. Jaco, 129 La. 626, 56 South. 615; Harris v. Wafer, 113 La. 823, 37 South. 768; La Grange v. Barré, 11 Rob. 302.

In the case of Beaulieu v. Monin, 50 La. Ann. 735, 23 South. 937, where relief was granted against third persons, the court distinctly states, "but in our view the acts are to be deemed *donations manifested on their face.*" (Italics ours.) And referring to the protection accorded by law to purchasers acquiring on the faith of the recorded titles, the court further said, "but the principle of these decisions can have no operation in this case, because the title from the mother, violating a prohibitory law, carried its nullity on its face." See Rocques v. Freeman, 125 La. 66, 51 South. 68, for comment on this decision.

In the case of Rocques v. Freeman, 125 La. 60, 51 South. 68, a widow transferred

her community interest to her children. The title stood of record in the name of the late husband, and her marriage with him did not show on the records. The act of transfer did not show on its face a donation, but appeared as a partition between the children, who, on the same day the partition was made, but by separate acts, sold the partitioned property to Vilfried Metoyer, who subsequently conveyed it to another person. The widow instituted suit to set aside the act of partition, alleging that it was a donation and was null, for the reason that she divested herself by it of all her property, reserving none for her subsistence. The court said:

"The act which is sought to be annulled in this case as a donation does not appear on its face to possess that character. On its face, it is a partition between Charles F. Metoyer and his sister. It was no more calculated to put innocent third persons on their guard against defects in the title than would have been a donation in the form of a sham sale. And we do not imagine any one would say that a donation in the form of a sham sale could be annulled to the detriment of innocent third persons who had dealt with the property on the faith of the public records."

In the Rocques Case, we cite with approval Bordelon v. Gumbel, 118 La. 645, 43 South. 264, and say:

"In the case last cited, the property of the wife had been transferred to the husband in violation of a prohibitory law; yet innocent third persons dealing with the property on the faith of the public records were held to be protected."

It is therefore clear, under the authority of these decisions, that the settled public policy of the state that protects innocent third persons acquiring real estate on the faith of recorded titles is paramount to that which merely protects individuals against acts done in violation of a prohibitory law.

As said by us in the case of Baker v. Atkins, 107 La. 494, 32 South. 71:

"It is obviously of the utmost importance to the peace and welfare of society that all questions as to the manner in which title to such property is acquired and divested, and as to the moment at which one person becomes, and another ceases to be, the owner should be governed by definite and fixed laws."

See, also, McDuffie v. Walker, 125 La. 167, 51 South. 100.

The admission of parol evidence in the trial of this case, for the purpose of attacking an authentic act of sale duly recorded was clearly erroneous as against the plaintiff, S. C. Waller, a third person, and bona fide purchaser upon the faith of the recorded title.

This brings us to the consideration of the case of J. T. Waller. S. C. Waller deeded to J. T. Waller, Sr., 102 acres, more or less, of the 147 acres purchased by S. C. Waller from J. D. Colvin. This deed is of date October 19, 1906. While the act of sale from S. C. Waller to J. T. Waller, Sr., is under private signature, recites a consideration of $1, and contains a misdescription as to a part of the property conveyed, yet a correction deed was executed between the parties December 1, 1920, and duly recorded December 28, 1920, reciting that the sale of date October 19, 1906, was made for a good and valuable consideration, and correcting the misdescription as to the 23 acres of land in the W. ½ of the S. E. ¼ of section 14, township 23, range 8, Claiborne parish.

On October 19, 1908, J. T. Waller, Sr., sold this 23-acre tract by misdescription to J. T. Waller, Jr., known also as "Judge T. Waller," plaintiff herein, and on December 17, 1920, S. C. Waller and the other heirs of J. T. Waller, Sr., deceased, joined in the execution of a correction deed to J. T. Waller, Jr., properly describing said tract of land.

This 23-acre tract is misdescribed in the deed from J. D. Colvin to S. C. Waller, in the deed from Mrs. Mary E. Pearson to J. D. Colvin, in the dation en paiement from W. T. Pearson to his wife, Mrs. Mary E. Pearson, and in the act of sale to W. T. Pearson, of date July 5, 1890, from Linda Upton, J.

M. Pearson, Mattie Pearson, and Sue Pearson, the heirs of Charity Pearson, deceased, who acquired this property as her separate estate, purchased with paraphernal funds received by her under the will of her mother.

This tract, however, is correctly described in the deed from J. T. Williamson to Charity Pearson, of date June 17, 1876, and duly recorded the same day in the conveyance records of Claiborne parish, and the heirs of Charity Pearson and all necessary parties are made defendants in this suit, including Mrs. Mary E. Pearson, the heir of W. T. Pearson, and J. D. Colvin.

The defenses are the same as in the suit of S. C. Waller, and the testimony shows that "Judge T. Waller," the plaintiff, is in actual possession of the property in controversy in this case. Defendants admit in their answer that it was the intention of Mrs. Mary E. Pearson to include this 23-acre tract in the act conveying the 147 acres to J. D. Colvin, but allege that this act was a donation omnium bonorum disguised as a sale, and therefore null and void and of no effect.

[8] When it is considered that Mrs. Mary E. Pearson acquired title to the 23 acres by the same erroneous description by which she sold to Colvin and Colvin sold to Waller, it is clear that she cannot claim under a deed of that description, without admitting that, by the same description, the land passed to Colvin and from Colvin to Waller. Garrett v. Spratt, 131 La. 707, 60 South. 199.

We are of the opinion that the facts justify a correction of the misdescription of the two tracts of land in controversy, and that plaintiffs are each entitled to judgment reforming their respective deeds.

We do not find it necessary, therefore, to pass upon the plea of prescription of 10 years, causa acquirendi, made by each of plaintiffs in their respective petitions, nor upon the irregularity charged as to the amendment by the trial judge of the judgments in this case, immediately upon the granting of a new trial, and without first setting the case again on the docket and retrying it.

It is therefore ordered, adjudged, and decreed that the judgment in the case of S. C. Waller v. J. D. Colvin et al., No. 5329 on the docket of the Third judicial district court, parish of Claiborne, be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of S. C. Waller, plaintiff, and against the defendants Mrs. Mary E. Pearson, widow of W. T. Pearson, Henry D. Pearson, Mont Pearson, Lizzie Pearson, and Mrs. Lucy Pearson Colvin, heirs of W. T. Pearson, deceased, and J. D. Colvin and Mrs. L. M. Colvin, his wife, correcting the description, as to the 40-acre tract in controversy herein, in each of the following acts of sale, and reforming each of said acts so as to read, "the S. W. ¼ of S. W. ¼ of section (13) thirteen," instead of "the S. W. ¼ of N. W. ¼ of section (13) thirteen" as now appears in each of said acts. The acts corrected and reformed are as follows: (1) Act of sale from Mrs. Mary E. Pearson and W. T. Pearson to J. D. Colvin, of date March 17, 1893, and recorded March 20, 1893, on page 170, Book Q, Conveyance Records of Claiborne parish, La. (2) Act of sale from J. D. Colvin and L. M. Colvin, his wife, to S. C. Waller, plaintiff herein, of date August 18, 1893, and recorded April 18, 1894, on page 484, Book Q, Conveyance Records of Claiborne parish, La. The reconventional demands of defendants are hereby rejected and dismissed. Appellees to pay all costs of this suit.

It is further ordered, adjudged, and decreed that the judgment in the case of Judge T. Waller v. J. D. Colvin et al., No. 5330 on the docket of the Third judicial district court, Claiborne parish, be annulled, avoided, and reversed, and it is now ordered, adjudged,

and decreed that there be judgment in favor of Judge T. Waller, plaintiff, and against the defendants Mrs. Mary E. Pearson, widow of W. T. Pearson; Henry Pearson, Mont Pearson, Lizzie Pearson, and Mrs. Lucy Pearson Colvin, heirs of W. T. Pearson, deceased; J. D. Colvin; Mrs. Linda Upton; Thomas Pearson, and Willie Pearson, heirs of J. M. Pearson, deceased; and Roscoe Beckett and Vera Beckett, heirs of Mattie Pearson, deceased—correcting the description, as to the 23-acre tract in controversy herein, in each of the following acts of sale, and reforming each of said acts so as to read:

"A lot of land beginning at the N. E. corner of the W. ½ of the S. E. ¼ of section 14 and run due south to the S. E. corner of said described land, thence west to Military road, leading from Haynesville to Arkansas line, thence along said road to the north of above-described land, thence east to point of beginning, containing 23 acres, more or less, lying east of Military road, township twenty-three (23), range eight (8) west, Claiborne parish, state of Louisiana."

The acts corrected and reformed are as follows: (1) An act of sale from Linda Upton and other heirs of Charity Pearson to W. T. Pearson, known also as Thomas Pearson, of date July 5, 1890, and recorded August 20, 1890, on page 162 of Book P, Conveyance Records of Claiborne parish, La. (2) An act of dation en paiement from W. T. Pearson to his wife, Mary E. Pearson, of date October 20, 1891, and recorded October 20, 1891, on page 511, Book P, Conveyance Records of Claiborne parish, La. (3) An act of sale from Mary E. Pearson and W. T. Pearson to J. D. Colvin of date March 17, 1893, and recorded March 20, 1893, on page 170, Book Q, Conveyance Records of Claiborne parish, La. (4) An act of sale from J. D. Colvin and L. M. Colvin, his wife, to S. C. Waller, of date August 18, 1893, and recorded April 18, 1894, on page 484, Book Q, Conveyance Records of Claiborne parish, La.

(5) An act of sale from S. C. Waller to J. T. Waller, Sr., of date ———, proven up June 29, 1906, and recorded October 19, 1906, on page 469, Book W, Conveyance Records of Claiborne parish, La. (6) An act of sale from J. T. Waller, Sr., to J. T. Waller, Jr., of date January 19, 1909, and recorded January 19, 1909, on page 452, Book X, Conveyance Records of Claiborne parish, La. The reconventional demands of defendants are hereby rejected and dismissed, Appellees to pay all costs of this suit.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.