## SHARPE v. HAYES.

### No. 1675.

Court of Appeal of Louisiana. First Circuit.

Jan. 12, 1937.

A. Sidney Burns and C. V. Pattison, both of Lake Charles, for appellant.

McCoy, King & Jones, of Lake Charles, for appellee.

DORE, Judge.

On August 15, 1917, the defendant, Alvin Hayes, executed a mortgage in favor of the Farmers Loan & Mortgage Company, Inc., covering certain property in Calcasieu parish, including the south half of the southwest quarter of the southwest quarter of section 12, township 11, south of range 6 west. In 1925 this mortgage was foreclosed, and all through the foreclosure proceedings the property was described as given in the mortgage and as above stated. The sheriff's deed adjudicating this part of the mortgaged property to the Farmers Loan & Mortgage Company, Inc., described it as the S.½ of S.W.¼ of S.W.¼ of Sec. 12, Tp. 11, S.R. 6 W. After the purchase of this property at sheriff's sale, the Farmers Loan & Mortgage Company, Inc., amended its charter and changed its name to the Louisiana Mortgage Corporation, Inc., and this corporation will be hereinafter referred to as the mortgage company.

On May 29, 1933, the Rock Island Plow Company secured a judgment against the mortgage company with recognition of a special mortgage which had been given by the mortgage company to the plow company covering, amongst other property, the S.½ of S.W.¼ of S.E.¼ of Sec. 12, Tp. 11, S.R. 6 W. Under the judgment, the property as described was seized and sold and adjudicated to the plow company under this description. The plow company

sold the property to the plaintiff under this same description.

The plaintiff in this suit seeks to correct the error in the description of the property in the original mortgage by Hayes to the mortgage company and in the foreclosure proceedings and the sheriff's deed made thereunder, alleging that it was the intention of Hayes to mortgage the S.½ of S.W.¼ of S.E.¼ instead of S.½ of S.W.¼ of S.W.¼ in said Section 12, being the property then owned by Hayes and the property on which the mortgage company loaned the money. The prayer is that the plaintiff be decreed the owner of this property as correctly described and that the erroneous description in the original mortgage and sheriff's deed be corrected so as to show the correct description of the property.

Defendant filed a plea of prescription of one, three, five, and ten years, which plea was referred to the merits. Defendant answered denying all of the allegations of plaintiff's petition in which are set up the various transactions by which the plaintiff claims to have acquired the property. In further answer, the defendant avers that the alleged error in the description of the property was well known to the authors in title of plaintiff for a period of more than ten years before the suit was filed, and he again urges the plea of prescription to the action; and, in his prayer, he prays that the said plea of prescription be maintained and plaintiff's suit and demand be dismissed and rejected.

Judgment was rendered by the trial court overruling the plea of prescription, and ordering the correction of the description as prayed for and decreeing plaintiff to be the owner of said S.½ of S.W.¼ of S.E.¼ of Section 12 aforesaid. Defendant has appealed.

### Plea of Prescription.

The action to reform a deed by correcting an error in the description of property therein is a personal action and is prescribed in ten years under the provisions of article 3544 of the Civil Code. But this prescription only begins to run from the time that the error or mistake is discovered by the person having an interest in having the error corrected, or from the time when such person, by the exercise of proper diligence, should have discovered the mistake. La. Oil Ref. Corporation et al. v. Gandy et al., 168 La. 37, 121 So. 183.

The trial judge found that the mortgage company had knowledge of this error in the description in 1922, based solely upon the evidence of defendant and his wife, more than ten years before this suit was filed. But he also found that the mortgage company had actual, physical possession of the property for the year 1929 and for three or four years thereafter which possession had the effect of interrupting the prescriptive period so that the ten years had not accrued from the time the mortgage company acquired knowledge of the error in 1922 and the time of the interruption in 1929. In support of his ruling that the possession of the mortgage company interrupted prescription, the learned trial judge relied on the case of La. Oil Ref. Corp. et al. v. Gandy et al., supra, and the cases of Otis v. Texas Co., 153 La. 384, 96 So. .1 and Hamilton v. Moore, 136 La. 631, 67 So. 523.

We think the evidence justifies the findings of the trial judge on this point, and we also agree with his interpretation of the law as to the effect of possession in the interruption of prescription. The plea of prescription, and which was his only plea according to his answer and prayer, was properly overruled.

The most serious contention made by the defendant in this court is that the proof does not justify the judgment decreeing the plaintiff to be the owner of the S.½ of S.W.¼ of S.E.¼ of said section 12, and ordering the correction in the mortgage given by defendant and the sheriff's sale or deed so as to cover this property. It is claimed that, as there is no ambiguity in the original mortgage, it is incumbent upon the plaintiff to prove by clear and no uncertain evidence that it was the intention of the defendant to mortgage this property rather than that actually described in the mortgage deed, and defendant cites the case of Ker v. Evershed, 41 La.Ann. 15, 6 So. 566, and to which we adhere.

In order to determine the intention of the parties to this act of mortgage we may have recourse to at least three facts shown by the record. First, does the evidence show that the defendant as mortgagor owned the property described in the mortgage at the time it was executed? There is no deed or other evidence in the record to show that the defendant owned any property in section 12 which was

described as the S.½ of S.W.¼ of S.W.¼. The defendant was not asked, nor did he testify, that he owned this property. We do find, however, that in 1923 the defendant gave the assessment of his property and did not list this property which had been described in the mortgage in section 12, but did list the S.½ of S.W.¼ of S.E.¼ in said section. It is true that the assessment rolls are not sufficient to prove title in the defendant, but they do show that the defendant in 1923 did not own, or did not think he owned, the property in that section described as the S.½ of S.W.¼ of S.W.¼, but did own the S.½ of S.W.¼ of S.E.¼.

True, this was some six years after the mortgage was executed, but the mortgage still rested on the property and it is not probable, if possible, that the defendant sold the property in the meantime. If the defendant did not think that he owned the S.½ of S.W.¼ of S.W.¼ of Section 12, it can hardly be presumed that he intended to mortgage it, as it is not to be presumed that he intended to commit a fraud by granting a mortgage on property which he did not own. Waller v. Colvin, 151 La. 765, 92 So. 328.

In the second place, it is to be observed that there is no deed or other documentary evidence in the record to show that the defendant owned the S.½ of S.W.¼ of S.E.¼ which is claimed to be the property intended to be mortgaged. The ownership of that property by the defendant is left more or less to inference and assumption, but strong at that by the evidence of defendant himself and his wife and the pleadings herein, notwithstanding the fact that plaintiff alleges that the defendant owned that property and intended to mortgage it. However, the defendant practically admitted, for the purposes of this suit, in his answer that he owned this property, for in article XIV of his answer he alleges that the Farmers Loan & Mortgage Company, Inc., in the year 1925, paid the taxes on all defendant's property and caused a tax subrogation to be issued to it, wherein the only property assessed to defendant in section 12 was described as the S.½ of S.W.¼ of S.E.¼. And in article XV of his answer he further practically admitted the error committed in the deed in that he avers that the said "Farmers Loan & Mortgage Company, Inc., through its president, had actual knowledge of said alleged error of description long before the filing of said foreclosure proceeding No. 13342, and admitted the same to this defendant." This tax subrogation, and the allegation contained in article XV, which the defendant admits in his answer shows the only property owned by him in section 12 to be the S.½ of S.W.¼ of S.E.¼, and which is the subject of this suit. While this admission is not direct and conclusive, yet, taken with other facts, more so the evidence of defendant and his wife, is sufficient to show the ownership of defendant and his intention to mortgage that property.

In the third place, the defendant abandoned the land after the foreclosure and made no claim to it until some nine years later when he leased it to an oil company. The fact that he permitted the purchaser at the sheriff's sale to go into possession of the property indicates that he recognized this as the land which he had intended to include in the mortgage.

Furthermore, as indicated supra, he only relied upon the plea of prescription in the lower court, and upon that plea alone did he rely to have the plaintiff's suit dismissed. Therefore, as we view the case, the judgment of the lower court should be affirmed both on facts and law.

Judgment affirmed.