CROWELL & SPENCER LUMBER CO.,
Limited, et al. v. HAWKINS.*

No. 1702.

Court of Appeal of Louisiana. First Circuit.
May 6, 1937.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Ledoux Provosty, of Alexandria, for appellees.

DORE, Judge.

Plaintiffs, the Crowell & Spencer Lumber Company, Limited, and the Meridian Lumber Company, Limited, sue to recover of the defendant as warrantor of a tract of land sold by him to the former company in 1907 in which there was found to be a shortage of 39.12 acres by reason of the title to this shortage having proven to be in another person. The amount claimed is on the basis of $28 per acre, which was the average price per acre for the larger tract in which this 39.12 acres was a part, making a total claimed for the shortage of $1,095.36 with legal interest on this amount from February 23, 1907, plus $42, being the costs incurred by plaintiffs in the suit in which the title to this 39.12 acres was tried and decided adversely to plaintiffs.

Judgment was rendered against defendant in this suit for $547.68 with legal interest thereon from February 23, 1907, based on $14 per acre for the shortage of $39.12 acres, plus the cost in the former suit of $42. The defendant has appealed.

In 1891, James C. Causey acquired from the state by patent the S ½ of S E ¼ of section 21 and the N ½ of N E ¼ of section 28, township 1 south, range 1 west, which land is in Evangeline parish. In 1893, Causey conveyed to Sam Haas 100 acres, more or less, being the swamp land out of this tract; and in 1897, Causey transferred to the defendant, Dr. W. E. Hawkins, 62 acres, more or less, and being all of the

*Rehearing denied June 9, 1937. Writ of error granted July 8, 1937.

tillable land in the lands which he acquired from the state. It is thus clear that he sold Haas all the swamp land and defendant all the tillable land. It appears that the swamp land lies in a diagonal position across the northwestern part of these two adjoining tracts in sections 21 and 28 which Causey had acquired from the state, except there is a small tract of swamp land in the northeastern part of the original Causey land. The tillable or high land is therefore the southeastern part of the tract, and, naturally, the boundaries separating the swamp land from the tillable lands are very irregular and do not follow lines fixed by governmental surveys.

Dr. Hawkins having a title to this tillable part of the lands embraced in the Causey tract made a deed to the Crowell & Spencer Lumber Company, Limited, in 1907, in which the lands conveyed were described as the S ½ of S ½ of S ½ of S E ¼ of section 21, and the N ½ of N ½ of N E ¼ of section 28, township 1 south, range 1 west, totaling 60 acres. This deed included a warranty of title to the property conveyed. In 1923, by the same description, the Crowell & Spencer Lumber Company, Limited, conveyed this property, with other property, to the Meridian Lumber Company, Limited, reserving, however, all timber thereon with the right to remove same for a period of twenty-five years.

The swamp land which had been sold to Haas by Causey became the property of the minor, Martha A. Haas. In 1934, the two plaintiff corporations filed a joint suit against this minor, through her tutor, to try title to that part of the land embraced in their deed which covered part of the swamp land claimed by the minor under this prior Haas deed wherein the swamp land was conveyed to Haas. A survey and plat was made of the original Causey tract, and it was found that the swamp land embraced 101 acres situated as already stated in the northwestern part, and the hill land contained 64.47 acres situated across the southeastern part of the tract. It was found from this survey that 39.12 acres of the land described in plaintiffs' deeds was in the swamp part and therefore covered in the Haas deed which primed the deed to Dr. Hawkins. The judgment in that suit decreed this 39.12 acres to belong to the minor, and decreed 20.88 acres, being the part of the land described in plaintiffs' deeds located on the high land, to belong to plaintiffs.

Plaintiffs notified Dr. Hawkins of the filing of the suit against the minor to try title to this land under article 2519 of the Civil Code, and it appears that Dr. Hawkins appeared in that suit and filed an exception, which was overruled, whereupon Dr. Hawkins took no further part in the suit, but the judgment reserved to plaintiffs the right to sue Dr. Hawkins on his warranty of the title. This suit has followed.

In the answer to this suit Dr. Hawkins does not question the fact that plaintiffs have been evicted from this tract of 39.12 acres of land described in the deed which he made to one of these plaintiffs in 1907, but he avers that this land was not worth over $5 per acre in 1907. In a supplemental and amended answer, defendant alleges that it was his intention to sell, and the intention of the Crowell-Spencer Company to purchase, the same property which defendant had purchased from Causey, being all of the high or tillable land, and that he owned no other land in the original Causey tract, except that described in the deed to him; that the error or mistake was made in the deed to the lumber company in attempting to describe the land by government numbers. He further averred that he has been and is willing to correct the mistake in the deed, but that plaintiffs refuse to accept a corrected deed. Defendant filed with his supplemental answer a corrected deed and tendered same to the plaintiffs, together with the sum of $52 to cover the costs expended by plaintiffs in trying title to the land in question and the costs accrued in the present suit up to the time of the tender.

Plaintiffs filed a motion to strike out this supplemental and amended answer on the ground that it changes the issues and is inadmissible and foreign to the issues in the present suit. This motion was overruled by the trial court.

Whether or not defendant in this suit can raise the question and secure a correction in the description to the land conveyed by him to the Crowell-Spencer Company presents an important issue. As between parties to a deed the description of the land conveyed can always be corrected so as to show the land intended to be conveyed where there is error or mistake in describing the land. Waller v. Colvin, 151 La. 765, 92 So. 328; State v. Standard Oil Co., 164 La. 334, 113 So. 867.

It is urged, however, that defendant cannot in this suit obtain a correction of the

deed as a third party, the Meridian Company, has acquired rights on the face of the plain and unambiguous description of the property, and this description cannot be changed or corrected to the prejudice of this third party, citing Adams v. Drews, 110 La. 456, 34 So. 602, and other cases.

■ Ordinarily, an erroneous description of property in a deed cannot be corrected to the prejudice of a third party acquiring rights in good faith on the property erroneously described. It follows that if the Meridian Company is a third party quoad the deed and property involved in the transfer from defendant to the Crowell Company where the error is alleged to have occurred, and if the Meridian Company has acquired, in good faith, rights on this erroneously described property, defendant cannot now show as against it that he intended to sell and the Crowell Company intended to buy property other than that described in the deed.

The record shows that Mr. R. D. Crowell is the president of both plaintiff corporations; that he is also general manager of both corporations; that he has been general manager of the Meridian Company since its organization in 1913, and has been general manager of the Crowell Company since 1923. The record further shows that, when the transfer was made from the Crowell Company to the Meridian Company of the land in controversy in 1923, Mr. Crowell acted for the Meridian Company as its secretary in the purchase, when, according to his testimony, he was also the general manager of the Crowell Company which was represented in the sale by its agent, John Evans. Mr. Marmore testified that he had been in the employ of both these corporations for fourteen years, most of this time as timber agent; that the Meridian Company cut timber on the lands of the Crowell Company in 1917, 1918, and 1919. It further appears from the testimony of Mr. Crowell that the agent, John Evans, who acted for the Crowell Company in the sale to the Meridian Company, estimated the timber on all lands purchased by both companies.

■ With this identity of official personnel and with the joint nature of their business operations, it can hardly be said that the Meridian Company is a third party as to these transfers as the knowledge of the one corporation was the knowledge of the other through the officers who had control of both corporations. While the two corporations are separate legal entities for ordinary corporate purposes, yet the situation is such in this particular matter that they may be considered identical. Indeed, they so consider themselves in this suit, as they have filed the suit jointly without any attempt to show their separate interest in the subject-matter of the suit, and without asking for any separate relief. In fact, the Meridian Company can only hope to participate in the restitution for the shortage in the land sold by defendant to the Crowell Company by reason of its subrogation to the rights of that company in the deed by which it acquired an interest in the land.

■ Defendant had a right to ask for a correction of the deed as to both corporations. Of course, the burden rests on defendant to show that there was a mutual error in the description of the land in the deed. The motion to strike out was therefore properly overruled.

■ Plaintiffs also filed a plea of estoppel against defendant on the ground that, as defendant was notified by plaintiffs to come forward and conduct the proceedings to try title to the property which he had sold the Crowell Company when a suit was instituted to test the title against the claims of a third person, and as defendant failed to appear in said suit on the merits, he is now estopped from making any defense in this suit that he could or should have made in that suit.

This plea is without merit. It does not appear that defendant could have urged against the Haas minor the defense that he is now urging against plaintiffs, i. e., a correction of the deed by which he sold lands to the Crowell Company. The Haas minor in the former suit was claiming under a title prior in date to defendant's title. She had no interest in nor was she bound by the deed made by defendant to the Crowell Company. Any effort by defendant in that suit to correct a deed between himself and the Crowell Company would have been useless and irrelevant. The matter of correcting the deed between defendant and plaintiffs is purely a matter between them and can be tried in this suit between them. Plaintiffs are in no worse position on this point than they would have been had defendant tried to inject this issue in the case between plaintiffs and the Haas minor.

The only remaining question is: Did defendant intend to sell, and did the Crowell Company intend to buy, the tillable or high land in the Causey tract which defendant

had purchased from Causey instead of the lands actually described in the deed?

There can be no question whatever but that defendant intended to sell the same land that he acquired from Causey, that is, the high land and not the swamp. He owned no other land in the Causey tract, and it is not to be presumed that he intended to perpetrate a fraud by selling land that he did not own. See Waller v. Colvin et al., 151 La. 765, 92 So. 328; Sharpe v. Hayes (La. App.) 171 So. 862. Defendant took from his assessment all lands which he had purchased from Causey after the sale by him to Crowell Company and no longer claimed any part of this land.

It is not quite so clear from the evidence that the Crowell Company intended to purchase the land which defendant had bought from Causey; however, the facts and circumstances indicate that this company could have intended to purchase no other lands except high or pine land which defendant actually owned. The record shows that the agent, John Evans, estimated all lands bought by the company and must, therefore, have estimated this high land. In making the estimate the only description that Evans could have had so far as the record shows was the description in the deed from Causey to Dr. Hawkins which showed the land to be tillable land and not swamp land. The company, at that time, was principally interested in the pine land and not swamp land, even though it did buy some lands with hardwood timber on it. Dr. Hawkins testified that his attorneys got an abstract to the land and he only gave the description of the lands by naming the places where it was situated and from whom he had purchased the same. If the agent Evans did not have an abstract from which to check the descriptions, he must have gotten the description from the records; however, considering the purchase price paid, we are of the opinion that abstracts were furnished as testified to by Dr. Hawkins. At least a mortgage certificate was obtained, and must have shown the description as it appeared in the deed from Causey.

While the evidence does not show just how or through whose fault the error in the description occurred, there is sufficient evidence from which to draw the conclusion that defendant intended to sell, and the Crowell Company intended to purchase, the same land which defendant had bought from Causey. Defendant now offers to correct the deed so as to make it conform to the intention of the parties, to which, in our opinion, he is entitled.

The plaintiffs do not complain that the tender of $52 offered by defendant is insufficient to cover all costs thus far accrued up to the time of tender. We have no evidence otherwise but that the amount deposited is sufficient and that the tender is legal.

For these reasons, it is ordered that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered that the deed from defendant to the Crowell & Spencer Lumber Company, Limited, dated February 13, 1907, recorded in Convy. Book 4½ at page 133 of the Recorder's Office of St. Landry Parish, be and the same is hereby corrected so as to describe the property therein conveyed as set forth in the corrected deed as the correct description, whch correction deed is annexed to the supplemental and amended answer filed herein; that said correction deed be recorded in the conveyance records of the parish where the property is located at the expense of defendant; that the tender and deposit of $52 made by defendant be decreed sufficient, and defendant discharged from further liability by reason thereof; that plaintiffs pay all cost arising subsequent to said tender, including the costs of the appeal.