## FEDERAL LAND BANK OF NEW ORLEANS v. BALLARD.
### No. 1963.

Court of Appeal of Louisiana.   First Circuit.
March 22, 1939.

Carroll Buck, of Amite, for appellant.

S. S. Reid, of Amite, for appellees.

OTT, Judge.

On September 11, 1925, the defendant executed a mortgage in favor of the plaintiff bank to secure a farm loan in the sum of $1,100 on property described in the mortgage as follows:

"The south half of a certain tract of land in sections ·32 and 44, township 2 south

range 8 east, containing 230 acres, more or less, more fully described as follows: Bounded on the north by the north line of said section 32, east by west line of section 33, south by north line of Lot 6 of said section 32 and western prolongation of same line, and west by lots 1 and 4 of said section 32, being the same property acquired by P. E. Ballard and C. S. Ballard from Mary Ballard and others by deed recorded in C.O.B. 71 page 240, records of the Parish of Tangipahoa, State of Louisiana."

In order to show the shape and location of the land described in the mortgage, and in order to better illustrate the point at issue in the case, we have undertaken to draw a diagram showing the tract described in the mortgage, the south half of which tract was included in the mortgage, and also showing the other tract which the plaintiff claims was intended to be included in the mortgage, but which was not covered therein through mistake or error in the description, or in the alternative by reason of the fraud and concealment of the defendant. The tract described in the mortgage is indicated by dotted lines, and the tract which plaintiff is now claiming was intended to be included in the mortgage is shown at the south as 39.46 acres, indicated by the shaded area.

The mortgage was foreclosed and the plaintiff bank became the purchaser of the property. In all of the proceedings to effect the foreclosure and sale of the property, including the deed of the sheriff to the plaintiff, the property is described as in the mortgage. Plaintiff is now asking, as the purchaser of the property under the foreclosure sale, that the description in the original mortgage and in the sheriff's deed be corrected and reformed so as to include the said tract of 39.46 acres.

It is alleged in the petition that there are certain improvements, consisting of two dwellings and two barns, located on the shaded tract of land (shown on diagram as being located in south and southeast parts of the 39.46 acre tract). Plaintiff alleges that before the mortgage was executed the defendant signed an application for the loan, in which he represented that these improvements were situated on the property to be mortgaged; that an appraiser went over the land with defendant and defendant pointed out to the appraiser the boundaries of the property proposed to be mortgaged; that, included in the land to be mortgaged and as pointed out by the defendant, was the land on which the improvements were located; that both plaintiff and defendant believed that the im-

provements were situated on the land described in the mortgage; that said defendant in his application offered 115 acres as security for the loan, but that the property as described in the mortgage contained only 86.63 acres.

The sheriff is made a nominal defendant in the suit to correct the description in the mortgage and the sheriff's deed. Both defendants filed exceptions of no cause of action which were sustained and the suit dismissed. Plaintiff has appealed.

■■ For the purpose of the exceptions, all allegations of fact in the petition, as well as the facts shown by the annexed documents, must be taken as true. From the petition and annexed documents we find: (1) that the defendant Clifford S. Ballard and P. E. Ballard acquired from Mary Ballard et al. the property described in the mortgage and shown on the diagram and designated by dotted lines; (2) we do not find where defendant Clifford S. Ballard ever acquired from P. E. Ballard, or any one else, the south half of this tract (however, he must have acquired it from someone, otherwise he would not have undertaken to mortgage it, as it is not to be presumed that he mortgaged something he did not own); (3) there is nothing to show that said defendant ever acquired title to or was the owner of the 39.46 acre tract shown on the diagram and on which the improvements are situated; and (4) it is not shown who owned this tract at the time of the execution of the mortgage nor at the time of filing the suit, and if any third person has any recorded title to this tract.

■■ As between the parties to an act of mortgage or sale, parole evidence is admissible to show that a piece of land intended by the parties to be included in, or omitted from, the mortgage or sale was, through error or mistake, omitted from, or· included in, the act. And in such case the mortgagee or vendee may have the description corrected by a judgment of court so as to reflect the true intention of the parties, provided the intention of the parties is shown by clear oral testimony and by the acts of the parties. Armstrong v. Armstrong, 36 La.Ann. 549; Gladdish et al. v. Godchaux, 46 La.Ann. 1571, 16 So. 451; Vignie v. Jules Brady et al., 35 La. Ann. 560. Therefore, if it appeared from the allegations of the petition, or from the annexed documents made part thereof, that the defendant Ballard was at the time of the execution of the mortgage the owner of this 39.46 acre tract and that it was intended by the parties to the act of mortgage that this tract was to be included therein, but by error or inadvertence was omitted, plaintiff would then be permitted to show these facts by parole evidence and by the acts and conduct of the parties.

■■ But the rule admitting parole testimony in such cases cannot be extended to permit a mortgagee or vendee to prove that the mortgagor or vendor intended to mortgage or sell property that he did not own, for to permit such proof might result in the anomalous situation of a judgment of the court decreeing that the mortgagor or vendor intended to mortgage or sell, and did mortgage or sell, property of which he was not the owner and to which he held no title. That situation would result if the plaintiff were permitted to prove its allegations in this suit, for the reason that it is not alleged or shown that the defendant Ballard had a title to and could have mortgaged the said tract of 39.46 acres on which the improvements are located, and the decree might be entirely futile as it appears, so far as the record shows, that the mortgagor did not own the tract, and the judgment certainly could not affect any third person who might have a recorded title to the property.

While an error in the description of property might be shown by parol as between the parties to the instrument, a different situation arises when the rights of third parties are affected. Adams et al. v. Drews et al., 110 La. 456, 34 So. 602; Waller v. Colvin et al., 151 La. 765, 92 So. 328. If it was the intention of the parties that the mortgage should cover the south half of the 230 acre tract, more or less, acquired by Clifford S. and P. E. Ballard from Mary Ballard and others as per the deed recorded in the conveyance records of the parish, and if the defendant Clifford S. Ballard owns the south·half of that tract, there is nothing to show that Mary Ballard and the other vendors in that deed intended to sell and the two purchasers intended to buy this 39.46 acre tract. Obviously, the court would not be authorized to decree that the vendors and purchasers in that deed intended this tract to be included therein, and such a decree, if rendered, could certainly have no effect on said Mary Ballard, or any other third person who might own or have an interest in

the said tract, as they are not parties to the suit.

Finding no error in the judgment sustaining the exceptions of no cause of action, the same is hereby affirmed.