(78 South. 433)

No. 21325.

FINCHER v. CHICAGO, R. I. & P. RY. CO. et al.

(April 1, 1918.)

*(Syllabus by Editorial Staff.)*

NEGLIGENCE ⊂⇒23(1) — INJURIES TO CHILD NEAR TRACK—"ATTRACTIVE APPLIANCE DOCTRINE."

A railroad was not liable, under the attractive appliance doctrine, for death of a little girl by drowning in a pool of water on the railroad's right of way, resulting from the dropping of drainage water from the culvert which let it through the roadbed, such pool being invisible from the street, on the other side of the tracks, and down an embankment, not accessible or even visible to children, except by going on the tracks, since, for application of the attractive appliance doctrine, the thing must be so situated as to lure or attract children where they have a right and are likely to be, and the danger must be so obvious that a due regard for the safety of children necessitates taking precautions for their protection.

Appeal from Fifth Judicial District Court, Parish of Jackson; Cas Moss, Judge.

Suit by T. E. Fincher against the Chicago, Rock Island & Pacific Railway Company and others. From judgment for plaintiff,

defendants appeal. Judgment set aside, and suit dismissed.

Thomas S. Buzbee, of Little Rock, Ark., and Barksdale & Barksdale, of Ruston, for appellants. R. W. Oglesby, of Winnfield, for appellee.

PROVOSTY, J. The railroad of the defendant company traverses the town of Jonesboro north and south. The built-up part of the town is on the east side of the railroad. On the west side is a sawmill plant, of which the town is the outgrowth. The east side is high or hilly ground, whereas the west side is flat, and the railroad runs along the slope of the high ground. The streets of the town at right angles with the railroad go no further than the right of way of the railroad.

The little four year old daughter of the plaintiff, who lived with her grandmother (plaintiff having remarried, and living in Texas), left her grandmother's house to go to her aunt's on the opposite side of the street, to get her hat. She was next seen, some three squares from her grandmother's house, going down the street towards the railroad, and some 35 feet from it, leading by a string tied to her arm a little boy younger than herself. The next the two children were heard of was when, a few moments later, the boy came, crying and all wet, without the girl. On investigation it was found that they had strayed across the double tracks of the railroad and down the east side of the embankment of the railroad, and that the girl was drowned in a pool of water there. This pool was about 10 feet by 15 in area, and 4 to 5 feet deep, and was caused by the earth being washed away by drainage water from the town dropping from a culvert which let it through the roadbed.

When the children reached the head of the street they had level ground to walk on to the railroad depot at their left and to the railroad tracks in front of them and to opposite this pool on their right. The distance between the depot and the pool is about 200 feet; and the distance between the head of the street, or line of the right of way, and the first track is about 40 feet.

Having allowed this pool to remain there, where children, fond as they are known to be of playing in water, might be attracted to it and get drowned, is charged as negligence on the part of the defendant company. The doctrine of the Turntable Cases, is invoked.

Defendant answers that this hole was on the right of way, in an out of the way place, where children were not in the habit of going; that it could not have been seen by these children until they had crossed the first railroad track and gone upon the second track; that these railroad tracks were no place for children to be; that so far as danger is concerned the two ponds of the sawmill company near by were just as attractive to children, if not more so; that for going to this pool the children had to descend the embankment of the roadbed some 6 to 8 feet; and, finally, that the responsibility for the death of this child lies with the grandmother, who suffered her to wander off and by an unfortunate chance get to this hole.

There is really no dispute as to the facts, the question being as to whether under the foregoing circumstances the turntable or attractive appliance doctrine is applicable.

Everybody knows, and several witnesses in this case testify, that a pool of water is attractive to children; but, for the application of said doctrine, it does not suffice that the thing from which the injury has resulted was in itself attractive, or, in other words, was such that the instincts of children would prompt them to meddle, or play with or in it, but it must be so situated as

to lure or attract children from the safe place where they have a right and are likely. to be, and induce them to enter the premises where the attraction is in order to meddle or play with or in it, and the danger of its so alluring children must be so obvious that a due regard for the safety of the children would suggest to a man of ordinary prudence the necessity of taking precautions for their protection. 19 L. R. A. (N. S.) 1112 to 1173; 47 L. R. A. 1101 to 1106; 29 Cyc. 445, 448; Elliott on Railroads (2d Ed.) § 1259, p. 617.

True, in this case, this pool was not very far from the depot, and not very far from the street, but it was on the other side of the railroad tracks, and down an embankment, not within sight from the street, nor until the first track of the railroad had been crossed. Not accessible, or even visible, therefore, to children except by going upon the railroad tracks, a place certainly where children had absolutely no right to be, where they would be incomparably in greater danger than when within sight of, or even access to, a pool of water. In a note to Elliott, ubi supra, is the following:

"Certainly this must be true where the child could not have been attracted by it until after he became a trespasser" (citing several cases).

In this case the child could not have been attracted by this pool until after she had become a trespasser.

It is noteworthy that while plaintiff charges defendant with negligence for not having known of the danger to children from this pool, and guarded against it, the thought of this danger does not seem to have occurred to any one, prior to this accident, though the existence of the pool was known to several persons, including the mayor of the town.

Judgment set aside, and suit dismissed, at plaintiff's cost.