BAILES, Judge.
Plaintiffs’ action is to recover damages for the wrongful death of their son who was drowned in a borrow pit located near a highway construction site on August 9, 1965. Plaintiffs’ deceased son, Nolen E. Bishop, Jr., was eight and one-half years old at the time of his death.
In their petition, plaintiffs pitch liability of the defendants on the doctrine of attractive nuisance. Defendants filed a motion of summary judgment, stating merely the legal conclusion that they were entitled to summary judgment on the ground that there is no genuine issue as to any material fact in this suit. The trial court granted summary judgment and dismissed plaintiffs’ *915 suit. From this adverse judgment, plaintiffs appeal. We find the trial court erred in granting the motion.
The plaintiffs allege that defendant, Aldrich, constructed a borrow pit in Lindbergh Glen Subdivision in Slidell, Louisiana, from which fill was extracted and used in the construction of a portion of Highway I — 10; that during the construction work, water accumulated in the excavated areas of the borrow pit, and Aid-rich negligently attempted to pump this water out of the pit; that the pit was clearly visible from the old U. S. Highway 90 which runs near and parallel to the borrow pit; that Aldrich was aware of the unusual attractiveness of the borrow pit, and occasionally had warned and run some children away, and had failed to erect a fence, or having erected a fence, failed to erect an adequate protective fence around the whole of the pit to keep children of tender years from entering the borrow pit area.
In discussing the doctrine of attractive nuisance and its application, the court in Burris v. City of New Orleans (1956) La.App., 86 So.2d 549, at page 553, stated:
“[3] * * * The question of whether a pool of water may be considered an attractive nuisance has been passed upon by courts in almost every jurisdiction in this country and probably elsewhere. Some have held that the attractive nuisance doctrine should not be applied to ponds or other accumulations of water. A substantial majority, we think, have held that under certain conditions the doctrine should be applied. Certainly that question was put at rest in this State when, in Saxton v. Plum Orchards, Inc., 215 La. 378, 40 So.2d 791, 795, our Supreme Court applied it to a pool or accumulation of drainage water. The Court, stating that the question was ‘ “whether under the foregoing circumstances the turntable or attractive appliance doctrine is applicable” ’, quoted with approval from its earlier decision in Fincher v. Chicago, R. I. & P. Ry. Co., 143 La. 164, 78 So. 433, in which it said:
‘ “ * * * a pool of water is attractive to children; but, for the application of said doctrine, it does not suffice that the thing from which the injury has resulted was in itself attractive or in other words, was such that the instincts of children would prompt them to meddle, or play with or in it, but it must be so situated as to lure or attract children from the safe place where they have a right and are likely to be, and induce them to enter the premises where the attraction is in order to meddle or play with or in it, and the danger of its so alluring children must be so obvious that a due regard for the safety of the children would suggest to a man of ordinary prudence and necessity of taking precautions for their protection. * *
“There are, as pointed out in Saxton v. Plum Orchards, Inc., many factors which must be considered before a conclusion may be reached in any particular case; such as the age of the child and its ability to understand and avoid danger; whether there was reason to anticipate the presence of children; whether there was a strong likelihood of the accident; whether the danger was one other than those ordinarily encountered; and whether the precautions taken were those which would be taken by a reasonably prudent person under similar circumstances.
“[4] Our conclusion is that there is no doubt that in this State it is settled that a pond, under certain conditions, may be considered as an attractive nuisance.
The defendants argue that inasmuch as Aldrich was constructing a public highway, under the holding of the court in Stanley v. Missouri-Pacific Railroad Company (1965) La.App., 179 So.2d 490, wherein damages were sought for injuries sustained by a youth in climbing on the ladder of a boxcar located on a railroad siding in the neighborhood where the injured boy resided, we should consider the social utility *916 of highway construction, necessitating the use of borrow pits, as well as the difficulties and the extraordinary expense to be incurred in safeguarding the pit from trespassing children. We find that at this stage of the proceeding we are unable to pass on this question. The petition alleges that this borrow pit was constructed in the Lindbergh Glen Subdivision of Slidell, that it was visible from U. S. Highway 90, and that Aldrich was aware of the pit’s attractiveness to children, that it, in fact, had attracted children who had been run away from the site by Aldrich.
On this motion for summary judgment we have no evidence before us of the propriety of constructing the borrow pit in this subdivision, its proximity to inhabited areas and the number of children of tender age in the vicinity, to mention only a few of the factors pertinent to a determination of liability on the part of defendants.
The facts of the reported case of Stanley v. Missouri-Pacific Railroad Co., supra, are too unlike the instant case to make proper analogy.
Defendants also rely on Martin v. City of New Orleans, et al. (1957) La.App., 98 So.2d 559. This cited case is not apropos to the factual situation before us. It was a suit against a municipality and governmental agency, and the exception of no cause of action was maintained because the operation of the City of New Orleans and the Sewerage and Water Board in the construction and maintenance of drainage canals is a purely governmental function and not in any sense proprietary.
Summary judgment procedure is not a substitute for a trial and may not be used if there is a genuine issue of material fact which must be resolved. Roy & Roy v. Riddle (1966) La.App., 187 So.2d 492, Acadia-Vermillion Rice Irr. Co. v. Broussard (1966) La.App., 185 So.2d 908, and Banes v. Prinz (1966) La.App., 185 So.2d 50. This procedure is to be used cautiously and should not be granted unless the mover is entitled to prevail as a matter of law on undisputed facts. Delta Equipment & Const. Co. v. Royal Indem. Co. (1966) La. App., 186 So.2d 454, and Brown v. B & G Crane Service, Inc. (1965) La.App., 172 So.2d 708.
For the foregoing reasons, the judgment of the district court is reversed and this case is remanded to the district court for further proceedings not inconsistent with this opinion. Defendants to pay all costs of this appeal.
Reversed and remanded.