215 So.2d 161 (1968)
Courville FONTENOT, Plaintiff-Appellant,
v.
Jackie H. LEWIS, Frank C. Fontenot, Third-Party Defendant, Defendants-Appellees.
No. 2472.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
*162 Tate & Tate, by Donald Tate, Mamou, for plaintiff-appellant.
Daniel J. McGee, Mamou, and Devillier & Ardoin, by J. Winston Ardoin, Eunice, for defendants-appellees.
Before TATE, HOOD and CULPEPPER, JJ.
HOOD, Judge.
This suit was instituted originally as a possessory action by Courville Fontenot against Jackie H. Lewis. Plaintiff demanded that he be restored to possession of a 6.67 acre tract of land in Evangeline Parish. The defendant answered claiming ownership of the property, and thus the suit was converted into a petitory action.
Plaintiff then filed a third party petition, naming Frank C. Fontenot as third party defendant, alleging that the description in a deed from the said Frank C. Fontenot to plaintiff, dated August 20, 1959, is erroneous, and demanding that the deed be reformed to show the true and mutual intent of the parties.
On motion of the third party defendant, and after a hearing, a summary judgment was rendered by the trial court dismissing the third party action. Plaintiff has appealed from that judgment.
The record shows that in January, 1959, Frank C. Fontenot acquired a 102.47 arpent tract of land in Evangeline Parish. On August 20, 1959, he executed a deed conveying to plaintiff, Courville Fontenot, the "north fifty (50) arpents" of that tract.
A fence runs east and west across the 102.47 arpent tract of land, and near the center of it. The portion of that original tract which lies north of the fence obviously comprises more than 50 arpents. The land in dispute in this case is that which lies between the fence and the south line of the property which was described in the deed from Frank C. Fontenot to Courville Fontenot. We assume from the pleadings that the property in dispute comprises about 6.67 acres.
In the third party petition, Courville Fontenot alleges that the description contained in the 1959 deed is erroneous, "in that Frank C. Fontenot intended to sell and petitioner intended to purchase" all of that portion of the 102.47 arpent tract of land which lies north of the fence, even though the area north of the fence comprises more than 50 arpents. Plaintiff also alleges in his third party petition that:
"The intent of the parties will be shown on the trial of this action by proof that petitioner went into possession of the property described in Article II immediately after the sale, and remained in possession (as admitted by defendant Courville Fontenot) for a period in excess of seven years, cultivating the said land, cutting the trees thereon, leasing it, and running cattle thereon, all with the full knowledge and acquiescence of third-party defendant Frank C. Fontenot who further demonstrated his intention in this regard for reforesting his land up to but not across the fence forming the southern boundary of the property acquired by the petitioner, by instructing employees not to cut timber for him *163 across the said fence and, before the sale, by repeatedly stating in the presence of reputable witnesses that the property being sold was bounded on the south by the fence, or words to that effect."
At the hearing held on the motion for summary judgment, there was introduced in evidence a copy of the deed from Frank C. Fontenot to Courville Fontenot, dated August 20, 1959, and two affidavits, one executed by Frank C. Fontenot and the other by Courville Fontenot.
Frank C. Fontenot, by affidavit, stated that in making the sale to Courville Fontenot on August 20, 1959, it was mutually and fully agreed and understood that the sale was to be of a certain tract or parcel of land situated in Evangeline Parish, and containing exactly and specifically fifty (50) arpents of land, and that at no time, while the act of sale was being drawn up, or before or after the signing of the act of sale in its final form, did Courville Fontenot indicate to affiant that he was under the impression that the sale was to be anything other than precisely fifty (50) arpents of land.
Courville Fontenot, on the other hand, stated by affidavit that in purchasing this property he dealt with Frank C. Fontenot in terms, not of 50 arpents, but of the "cleared land," a term used by the parties to indicate all of the land suitable for cultivation lying north of the fence. He stated that he and Frank C. Fontenot engaged in a discussion concerning the fence as a southern boundary of the property being purchased, and concerning Frank C. Fontenot's objection to cutting timber beyond the fence. He stated also that after the sale was completed Courville Fontenot, through a lessee, cultivated in rice the land in dispute, that Frank C. Fontenot failed to claim any share of the crop for a period of approximately seven years, and that the affiant ran cattle on the disputed tract to the knowledge of Frank C. Fontenot and without any protest from him.
We think the receivable evidence shows that there is a genuine issue of fact as to whether the parties mutually agreed that Frank C. Fontenot was to sell, and that Courville Fontenot was to purchase, all of the property lying north of the fence, even though it comprises more than 50 arpents.
An action to reform a written instrument is an equitable remedy, and it lies only to correct mistakes or errors in the written instrument when such instrument, as written, does not express the true contract or agreement of the parties. Ober v. Williams, 213 La. 568, 35 So.2d 219 (1948). It is a personal action, even when applied to real estate, and the burden of proof rests on the one seeking reformation of the instrument to establish the mutual error and mistake by clear and convincing proof, parol evidence being admissible for this purpose. Waller v. Colvin, 151 La. 765, 92 So. 328 (1922); Walker v. Jim Austin Motor Company, 162 So.2d 135 (La.App. 1st Cir. 1964, writ refused); Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957); Kemp v. Beasley, 188 So.2d 425 (La.App. 3d Cir. 1966); Southwest Gas Producing Company v. Hattie Brothers, 230 La. 339, 88 So.2d 649 (1956).
As stated by our Supreme Court in Waller v. Colvin, supra:
"Parol evidence is admissible for showing an error in description of real estate in an act of sale, even though its effect be to take out one piece of real estate from the act and substitute another piece in its place. Sims v. Jeter, 129 La. [262], 266, 55 South. 877; Palangue v. Guesnon, 15 La. 311; Levy v. Ward, 33 La.Ann. [1033] 1035; Vignie v. Brady & Charpeaux, 35 La.Ann. [560] 562."
The trial judge found that "the attempt at reformation does not by any means address itself to minor irregularities or typograpical errors in the original description; rather, the reformation seeks to drastically change the entire nature of the original description." He concluded that there was *164 no genuine issue as to material fact, and that plaintiff was not entitled to a reformation of the deed, as demanded. A summary judgment was rendered, therefore, dismissing plaintiff's suit against the third party defendant.
We think the trial judge erred in concluding that there was no genuine issue of a material fact. Plaintiff has alleged adequately that there was a mutual error in the description, and the affidavits submitted by the seller and the purchaser indicate that there is a genuine issue as to whether the parties, in completing the 1959 sale, mutually agreed that the purchaser was to acquire all that portion of the 102.47 arpent tract which lies north of the fence, regardless of the number of acres involved. In our opinion the issue presented is material.
It has been held repeatedly that the summary judgment remedy is not a substitute for a trial, and it may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather to determine whether or not there is a genuine issue of a material fact. The burden of showing that there is not a material factual issue rests upon the mover for the summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3d Cir. 1966); Schellange v. W. R. Aldrich & Co., 200 So.2d 914 (La. App. 1st Cir. 1967).
As we have already noted, the receivable evidence in the instant suit indicates that there is a genuine issue as to a material fact. Under those circumstances the mover is not entitled to a summary judgment of dismissal.
For the reasons herein set out, the judgment appealed from is reversed and the case is remanded to the trial court for proceedings consistent with the views herein expressed.
Reversed and remanded.