STEWART, Judge.
Appeal from the granting of a summary judgment filed in a suit for deficiency judgment. We affirm.
FACTS
Appellants, Harvey B. Ratcliffe and Thelma Ratcliffe, experienced structural problems with their home financed by appellee, Troy & Nichols, Inc. They instituted suit against their contractors and subcontractors for recovery. Troy & Nichols allowed appellants, because of the lawsuit, to make partial payments on the note until such time as the litigation was completed. In mid-1988, Troy & Nichols provided appellants with written notice of its intent to reinstate their mortgage loan. After no action on the part of appellants and after Troy & Nichols refused certain partial payments, they initiated executory proceedings on December 27,1988. In this suit, Troy & Nichols alleged that appellants were in default of payment of a promissory note secured by mortgage on the immovable property owned by appellants. The original petition asked that the property securing the note be sold by Sheriff’s sale without appraisal but by amended petition, in March 1989, Troy & Nichols requested that the property be sold with benefit of appraisal. Appellants filed a petition for injunction to arrest the seizure and sale alleging that appellee was not entitled to proceed by executory process because it had previously entered into an agreement to accept partial payments. The petition for injunction was dismissed with prejudice. The house proceeded to sheriff’s sale on January 23, 1990. Troy & Nichols thereafter filed a suit for deficiency judgment asserting that appellants were indebted to it for the sums due and the promissory note less a credit for sums realized from the sheriff’s sale of the property. Appellants answered the suit for deficiency judgment and once again asserted the defense of forbearance. Subsequently, Troy & Nichols filed a motion for summary judgment in the deficiency judgment suit alleging there was no genuine issue as to material fact and it was therefore entitled to judgment as a matter of law. The court rendered judgment in favor of Troy & Nichols. From this judgment, Mr. and Mrs. Ratcliffe applied for and were granted this devolutive appeal.
The one issue for review asserted by the Ratcliffes is that the trial court erred in granting appellee’s motion for summary judgment. Appellants argue that there was a general issue as to a material fact based upon the issue of whether or not forbearance actually took place. Namely that Troy & Nichols had acquiesced in the late payments.
Troy & Nichols argue that the trial court was correct in granting the motion for *1232 summary judgment based upon four assertions. They argue that appellants had the opportunity to present evidence of forbearance at the hearing on the petition to arrest the seizure and sale. Instead, they voluntarily dismissed that petition with prejudice and therefore waived any attempted claim of forbearance.
Appellee next asserts that the actions of the parties described does not meet the definition of forbearance which exists only when a creditor demands strict performance suddenly in order to avoid injustice. Appellee argues that in this case, there was no sudden action on the part of Troy & Nichols who had warned appellants of its impending action.
Appellee also argues that the urging of forbearance is contrary to the contract between the parties. They argue that the language in the promissory note indicates that if the note holder fails to immediately enforce all rights under the note and mortgage, there is no waiver or estoppel to the foreclosure.
Finally, appellee argues that the defense of forbearance is inappropriate in this suit for deficiency judgment because acceleration of the note had already occurred and the court had judicially determined that the appellants’ right to forbearance did not exist.
DISCUSSION
LSA-C.C.P. Arts. 966-969 provide the statutory authority for a motion for summary judgment and its procedure. Art. 966 provides the standard upon which to judge a motion for summary judgment and states, in pertinent part, “[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” The burden of proof is on the party who moves for summary judgment to prove that there is no genuine issue of material fact. Klohn v. Louisiana Power & Light, 406 So.2d 577 (La.1981); Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App. 2d Cir.1984). A genuine issue of material fact is one which is triable and is not a resolution of the case on the merits even though the court finds that the opposing party may prevail upon the merits. Jones v. Davis, 233 So.2d 310 (La.App. 2d Cir.1970), writ denied, 256 La. 80, 235 So.2d 101 (1970); Simon v. Fasig-Tipton Company of New York, 524 So.2d 788 (La.App. 3d Cir.1988), writ denied, 525 So.2d 1048, 1049 (La.1988). Summary judgment is not appropriate where the established facts support different conclusions or where such facts as motive, intent, malice, etc. are to be determined. National Gypsum Company v. Administrator, Louisiana Department of Employment Security, 300 So.2d 527 (La.1974), writ issued, 303 So.2d 175 (reversed on other grounds), 313 So.2d 230, appeal dismissed, 423 U.S. 1009, 96 S.Ct. 439, 46 L.Ed.2d 381 (1975). Any doubts concerning the existence of genuine issues of material fact should be resolved in favor of a trial on the merits. Fontenot v. Lewis, 215 So.2d 161 (La.1968); Jones v. Davis, supra; Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir.1984), writ denied, 457 So.2d 1194 (La.1984); Swindle v. Haughton Wood Company, Inc., supra.
Because we find merit to appellee’s argument that the defense of forbearance is inapplicable to the instant set of facts, we will first address this issue.
Forbearance is a circumstance which can give rise to estoppel. Forbearance exists when a creditor acquiesces in or tolerates substandard performance of an obligation by the debtor without exercising his rights to enforce the obligation, thereby implying that such conduct is sufficient. First National Bank v. Higgs, 406 So.2d 673 (La.App. 2d Cir.1981).
When forbearance reaches the level of equitable estoppel, the creditor will be barred from suddenly demanding strict performance in order to avoid injustice to the debtor. First National Bank v. Higgs, supra; Sternberg v. Mason, 339 So.2d 373 (La.App. 1st Cir.1976), writ denied, 341 So.2d 901 (La.1977); Calhoun v. Huffman, *1233 217 So.2d 733 (La.App. 3d Cir.1969), writs refused, 253 La. 878, 220 So.2d 460 (1969). However, the creditor’s mere acquiescence or forbearance by not using all of his rights, when accompanied by protest or complaints to the debtor, does not rise to the level of estoppel, which will later bar the creditor from using those rights to enforce the obligation. First National Bank, supra; Burris v. Gay, 324 So.2d 11 (La.App. 2d Cir.1975), writ denied, 326 So.2d 377 (La.1976).
In this case, the evidence presented through the use of affidavits and answers to interrogatories indicates that Troy & Nichols and the Ratcliffes did enter into some sort of arrangement whereby the Ratcliffes were able to reduce their monthly payments during the time in which their house was involved in litigation. The Rat-cliffes began the lesser payments in January of 1987 and they were accepted by Troy & Nichols until June of 1988. Beginning in July of 1988, however, Troy & Nichols began returning the checks requesting full payment by the Ratcliffes.
Clearly, the agreement, as was admitted by the Ratcliffes, was in effect only during the time that the house was involved in litigation. Contained in this record is a letter from Thelma Ratcliffe to Mrs. Teirman at Troy & Nichols dated December 16, 1987. In this letter, she indicates that the litigation would settle “before the court date of February 11.” The Ratcliffes have presented no evidence contradicting this date. Troy & Nichols waited some five months after this date before returning the reduced checks and instituting suit. At best, the agreement entered into by the parties amounted to a conditional acquiescence on the part of Troy & Nichols to accept reduced mortgage payments for a period not later than resolution of the Ratcliffes’ structural damage lawsuit. Appellants filed no affidavits to the contrary. Nevertheless, Troy & Nichols’ acquiescence cannot be said to give rise to estoppel preventing enforcement of this claim because notice was given to the Ratcliffes by way of letters and returned checks and there existed no sudden attempt to enforce the rights by Troy & Nichols some four months after the litigation had ended.
In summary, the evidence before the trial court included the existence of an agreement between the parties which extended only to a trial date scheduled for February 11, 1988. Troy & Nichols refrained from filing suit on the note until five months later. The trial court viewed this evidence in the light most favorable to the summary judgment opponent and correctly concluded that there was no genuine issue of material fact which remained for trial on the merits. On this record, we find that the defense of forbearance was not applicable for the reasons stated. Consequently, we find that Troy & Nichols is entitled to judgment as a matter of law in these proceedings.
Because we decide this case favorably to appellee, we find it unnecessary to address the remaining issues raised by Troy & Nichols. Costs of this appeal are assessed to appellants.
AFFIRMED.