WARREN E. HOOD, Judge Pro Tern.
Defendant appeals the district judge’s assessment of a portion of the court costs against him in a voluntary dismissal by plaintiff of the suit.
Plaintiff-appellee, the owner of three dogs, filed suit against defendant-appellant, Hebert Zenon, (incorrectly spelled Herbert Zeno in the caption) for mental anguish damages. These damages allegedly resulted from defendant’s complaints to various agencies about a foul odor emanating from plaintiff’s property, which complaints plaintiff says in his petition were unjustified.
Defendant obtained an order permitting him to proceed in forma pauperis and then filed numerous exceptions and motions. Two of these matters were fixed for hearing on June 12 and July 17, 1989. After they were set, but before the hearing dates, plaintiff moved for and obtained on May 22 an ex parte order of dismissal without prejudice. Eventually, a hearing was held to determine the assessment of court costs. Following the hearing the trial judge on February 9, 1990, issued a written “ruling”. The final paragraph reads as follows:
“Herein the court exercised it’s equitable discretion in assessing costs. Accordingly, each party is assessed to pay its own court costs.”
A few days later a formal “Judgment On Rule” was signed ordering each party “to pay it’s [sic] own Court cost throughout and in these proceedings all as per written reasons rendered by this Honorable court on February 9, 1990.”
In it’s ruling the court quoted the second paragraph of the La.Code of Civil Procedure art. 1920 as the authority for the court to assess court costs equitably. The entirety of the article reads as follows:
*1211 Art. 1920. Costs; parties liable; procedure for taxing
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
The quotation of the second paragraph of that article is followed with this statement by the court.
“Thus, the court does have the discretion to assess court costs equitably unless express law provides otherwise.”
La.C.C.P. art. 1671 provides that:
Art. 1671. Voluntary dismissal
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
The trial judge is correct in saying that this article does not mandate that plaintiff pay all costs before the court may render a judgment dismissing an action without prejudice. This article does not in and of itself say that. But it does indicate the general rule and accepted practice, at least, that the plaintiff, and not the defendant, is responsible for the payment of all costs upon a voluntary dismissal.
While this court does not here so rule, it would appear that C.C.P. art. 1920 is intended to apply to contested matters in which rulings of the court have been made for or against one or more parties and not to voluntary dismissals by the plaintiff. However, if it does purport to give the court discretion to assess all or a portion of the costs against a defendant in a voluntary dismissal by the plaintiff, such discretion is not unbridled discretion. The exercise of sound discretion is required.
As this court stated in Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3d Cir.), writ denied, 313 So.2d 239 (1975), “The broad authority granted to the trial judge under Code of Civil Procedure Article 1920 does not mean that there are no guidelines to govern the taxing of costs.” Id. at 785.
In the instant case the trial judge gave no reasons in his ruling why he considered it equitable to assess the defendant with a portion of the costs. In argument to the trial court, counsel for plaintiff termed the exceptions and motions frivolous and complained that counsel for defendant went through a form book and filed all exceptions in the form book. So we can only surmise that perhaps the trial judge was influenced by that argument in assessing costs.
But there has been no hearing held on any exception or motion filed by the defendant, and on their surface they cannot be said to be improper or unjustified. Accordingly, it would be premature to characterize any such pleadings as being frivolous. Without a hearing a court could just as easily describe this suit as being frivolous as describing as frivolous these motions and exceptions. There has been no ruling adverse to the defendant on any pleading filed and until such occurs, we find no basis, either legal or equitable, to assess any costs to him.
Plaintiff describes the suit as “a simple, simple suit” and claims the defendant “overreacted” to it. But who is to say how a defendant should react to a suit filed against him? Contrary to plaintiffs position, when a plaintiff files a suit, when he initiates litigation,'- he assumes certain risks. The defendant has a right to defend himself. If a plaintiff sees fit to voluntarily dismiss his suit before these defenses are heard, he must pay the costs. It would be inequitable to require the defendant to pay costs in a suit he did not ask to be filed and in which he did not lose any litigated issue.
This case is somewhat similar to Doug Ashy Lumber, Inc. v. Ducharme, 177 So.2d 182 (La.App. 3d Cir.1965). In that case plaintiff sued two defendants, Ducharme and Simon. On joint motion of plaintiff and Ducharme, the suit was dismissed with prejudice. The trial judge as *1212 sessed fifteen percent of the costs against defendant Simon, the remainder to be paid by Ducharme. Simon appealed that assessment. In reversing the assessment against Simon, this court stated, “... we see absolutely no basis for an assessment against Mr. Simon of a portion of the costs arising from the institution of plaintiff’s suit.” Likewise, as in Doug Ashy, supra, we see no basis for an assessment against defendant of a portion of the costs.
No cases have been cited to us, and we are unaware of any, in which a defendant has been assessed costs against his will in a voluntary dismissal of a suit by the plaintiff.
Therefore, it is the opinion of this court that the assessment of costs against defendant, Hebert Zenon, was an abuse of discretion and should be, and is hereby, reversed. Judgment is rendered assessing all costs against plaintiff-appellee.
REVERSED AND RENDERED.