693 So.2d 340 (1997)
Cynthia SPEAKS, et al.
v.
NEW YORK LIFE INSURANCE COMPANY.
No. 96-CA-2483.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1997.
Rehearing Denied May 30, 1997.
*341 Randy J. Ungar, George W. Byrne, Jr., Charles B. Colvin, Randy J. Ungar & Associates, New Orleans, for Plaintiffs-Appellees Cynthia Speaks, et al.
Eugene R. Preaus, Maura Z. Pelleteri, Diane L. Matthews, Preaus, Roddy & Krebs, New Orleans, and Phillip A. Wittmann, Stephen H. Kupperman, Robert E. Harrington, Stone, Pigman, Walther Wittmann & Hutchinson, L.L.P., New Orleans, for Defendant-Appellant New York Life Insurance Company.
Before SCHOTT, C.J., and KLEES and ARMSTRONG, JJ.
KLEES, Judge.
Defendant New York Life Insurance Company ("New York Life") appeals the judgment of the district court allowing a class action suit against New York Life to be dismissed without prejudice, thus enabling plaintiffs represented by Speaks to join another similar class action suit in Pointe Coupee Parish. Upon our review of the record, we affirm the judgment as amended.
The present case is a class action suit against New York Life, alleging various wrongdoings in the selling and maintenance of insurance policies. Other class action suits had arisen from the same allegations, including the Banks case in Pointe Coupee Parish, Louisiana. The Speaks case was filed as a rival class action suit for Louisiana residents, and included some plaintiffs who had bowed out of a New York case on these basic facts. As the Speaks litigation went through pretrial motions, it became apparent that the Banks case was progressing far more smoothly. Counsel for the plaintiffs argued that the trial judge for that case was considered by some to be more experienced in such matters, and counsel for the Banks case had retained far more clients than the plaintiffs' counsel for the Speaks case. Certification and discovery were moving more rapidly.
New York Life, attempting to defend against two similar class actions in the same state, sought an exception of lis pendens in the Banks case. However, before the hearing *342 for this exception, counsel for Speaks amended their petition so that their case would no longer be a class action, but would proceed with twenty-eight named individuals as plaintiffs.
This action drew protest from New York Life, in the form of exceptions of improper cumulation and of vagueness and ambiguity, as well as motions for summary judgment on various issues. At this point, however, plaintiffs filed their motion to dismiss this action without prejudice, in order to join in and show deference to the ongoing Banks litigation.
The district court granted the plaintiffs' motion to dismiss this case, without prejudice. Plaintiffs were allowed to amend their petition accordingly, and the district court did not order notice to all class members. New York Life takes this appeal, making three assignments of error.
New York Life first asserts that the trial court committed an abuse of discretion in dismissing this suit without prejudice, given the amount of time and money already expended by New York Life on this suit, and aided plaintiffs in forum shopping for a more favorable climate for their suit.
Plaintiffs' desire to join the ongoing Banks suit in Pointe Coupee Parish is described by New York Life as an "obvious attempt" to find a more favorable forum for their case. Since the Banks suit predates the present case by several months, New York Life argues, plaintiffs could have joined that action at the beginning if judicial economy were truly one of their goals.
Plaintiffs respond by pointing out that some types of forum shopping may be permissible. See Lamb v. Highlines Construction Co., Inc., 541 So.2d 269 (La.App. 4 Cir. 1989.) There are several valid factors indicating that the Banks case provides the best forum for handling this case, not only for plaintiffs but for the judicial system as a whole. As plaintiffs point out, the Banks litigation is moving more quickly, is headed by more experienced counsel, and is presided over by what they consider to be an informed trial judge who has dealt with many previous class action cases. We find these factors to be persuasive, and decline to characterize plaintiffs' conduct as impermissible forumshopping.
Defendants then protest that, if the transfer of this suit is allowed, New York Life will have had its defense seriously compromised. The present case has already been litigated for over a year, with the numerous pleadings and orders such a class action entails. They argue that they have invested a great deal of money in this nowmoot defense, and believe that they will likely lose their right to assert certain defenses and to obtain summary judgment of the individual claims of the plaintiffs in this case. According to New York Life, these two factors, considered together, show the trial court's dismissal without prejudice to be unduly prejudicial to their case. A court abuses its discretion in granting a motion to dismiss without prejudice if the defendant will lose substantive rights and be substantially prejudiced by the procedural inconvenience. Melancon v. Swift Agricultural Chemical Corp., 289 So.2d 578, (La.App. 3 Cir.1974.) A court cannot dismiss a suit without prejudice where that dismissal would deprive the defendant of a just defense. First City Bank v. Lee, 576 So.2d 544 (La. App. 4 Cir.1991), Betz v. Hearin Tank Lines, 75 So.2d 356 (La.App. 1 Cir. 1954.)
Plaintiffs reply that the costs expended by the defendant in the present litigation were not entirely necessary; they describe most of the actions taken by New York Life as voluntary and even dilatory in nature, taken on their own initiative and not in response to actions of the plaintiffs in this case. While we see no basis to negatively characterize defendant's behavior, on the evidence before this court we are not convinced that New York Life has been so financially damaged by this aborted litigation as to render a dismissal without prejudice unjust.
As to the issue of lost defenses, plaintiffs insist that virtually all of defendant's defenses would be preserved in the Banks litigation. Defendants may still move to have all previous substantive issues considered. There are, of course, procedural issues that will become further entangled as well. However, even by New York Life's own reckoning, *343 the actual damage done seems slight. New York Life still has the right to argue that the defenses should be heard. Defendants can only point to one individual plaintiff whose claim may have been barred by the peremptive period (although even that had not yet been determined) who has been absorbed into the Banks class and is now completely beyond their reach. This evidence is far too tenuous to support the conclusion that New York Life will be unjustly prejudiced by the dismissal of this case. We find this assignment of error to be without merit.
In the next assignment of error, New York Life argues that the judgment granting plaintiffs' motion for a dismissal without prejudice failed to assess costs against plaintiffs. The judgment is silent on the question of who is to pay costs, implying that each party should bear its own burden, and New York Life argues that plaintiffs should be responsible for the expenses of their own halted litigation.
The defendant notes that the general practice in a voluntary dismissal without prejudice is to hold plaintiffs responsible for the payment of all costs. See Taylor v. Zeno, 595 So.2d 1210 (La.App. 3 Cir. 1992.) Furthermore, assessing costs to a defendant against his will in a voluntary dismissal of the suit by plaintiff seems to be inequitable. Id. Article 1671 of the Code of Civil Procedure states:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
Plaintiffs attempt to counter this statute with La. C.C.P. art. 1920, which indicates that a trial court may render judgment for costs in any way deemed equitable. However, the second paragraph of this statute indicates that this general principle holds only when no express law provides otherwise.
While Article 1671 does not mandate that the plaintiff pay all costs whenever a voluntary dismissal without prejudice is granted, it does indicate that this is the general rule and accepted practice. Taylor, supra, at 1211. In the absence of any specific ruling or reasoning on this matter from the trial judge, we cannot conclude that he found any compelling grounds to deviate from this rule; nor do we, on the evidence before us, see any reason why New York Life should be compelled to carry the burden of plaintiffs' costs in this matter.
Plaintiffs argue that defendants may not raise this issue on appeal; New York Life failed to object to the assessment of cost, and issues not raised a lower court are not to be considered on appeal. See Shepherd v. Allstate Insurance Co., 562 So.2d 1099 (La.App. 4 Cir.1990.) New York Life points out that the trial court made no assessment of costs to which an objection could be made; this was not an issue before a judgment failing to address costs was rendered by the trial court. New York Life has properly brought this issue before this court, and we therefore hold plaintiff responsible for costs.
Finally, New York Life argues that the trial court erred in issuing the ex parte order of April 26, 1996, allowing plaintiffs to file a Fifth Amended and Supplemental Petition. This petition eliminated class action allegations without requiring the dissemination of notice to all members of the putative class and without any hearing to determine whether the class action claims should be dismissed. New York Life therefore considers the trial court's actions to be erroneous and in violation of La. C.C.P. Art. 594(A).
Article 594(A) provides that a class action shall not be dismissed or compromised without the approval of the court exercising jurisdiction over the class action. Notice of the proposed dismissal or compromise is to be given to all members of the class in such manner as the court directs. Furthermore, the revision comment to this article refers us to Fed. Rule 23(c); this corresponding Federal Rule, now Fed.R.Civ.Pro. 23(e), serves as the model for Article 594. Since there is a dearth of jurisprudence interpreting Article 594, New York Life urges us to *344 consider the federal cases on the matter as instructive; in these cases, courts strongly reinforce the rule that all class plaintiffs should receive notice of a proposed voluntary dismissal of a class action. See Payne v. Travenol Laboratories, Inc., 673 F.2d 798 (5th Cir.), cert denied, 459 U.S. 1038, 103 S.Ct. 452, 74 L.Ed.2d 605 (1982.)
Plaintiffs first attempt to counter New York Life's arguments by again insisting that they are blocked from raising this issue on appeal, since they did not object at the time. However, New York Life points out that the notice requirements of the class action statute cannot be waived by parties to a class action.
Plaintiffs then make the more compelling argument that, in fact, New York Life has failed to prove that the putative class members did not receive notice. While the order issued by the trial court did not mandate such notice, it appears from the record before us that members were kept well advised, through newsletters and other such means. Plaintiffs point out that the former members of the putative class are now members of a certified class, and thus have not had their rights in this litigation compromised in any way.
The trial court's failure to mandate such notice might constitute reversible error where it could be shown that class members were injured as a resultwhere failure for notice could be shown. Here, it appears that all class members have been kept unofficially informed of the situation at hand, and we cannot say that the proceedings at the trial court so compromised their position as to constitute reversible error. We therefore decline to find the trial court's ex parte order allowing the Fifth Supplemental and Amended Petition in error.
Accordingly, for the reasons given above, we affirm the trial court's judgment allowing voluntary dismissal of plaintiffs' case without prejudice and amend that judgment to assign costs to plaintiffs.
AFFIRMED IN PART AND AMENDED IN PART.