hPEATROSS, J.
This appeal arises from a judgment on a promissory note in favor of Plaintiff, Hall Financial Services, Inc. (“Hall”), and against Eura Dell Holloway, in the amount of $824.31, together with interest, costs and $435 in “additional costs,” subject to credit for certain payments made. The judgment also awarded Hall 25 percent of all interest and principal as reasonable attorney fees and maintained Hall’s security interest in certain movable property. For the reasons stated herein, we reverse in part and affirm in part.

FACTS AND PROCEDURAL HISTORY

The promissory note in question was executed by Ms. Holloway, in favor of Hall, on July 22, 1999. The first payment of $62.17 was due September 6, 1999, and all subsequent payments were due on the sixth day of each subsequent month. Ms. Holloway failed to make the initial September 6, 1999 payment. Hall, therefore, instituted suit against Ms. Holloway. Pri- or to Hall’s completion of the suit, however, Ms. Holloway tendered $127.45, the equivalent of two payments and a late charge, on September 29, 1999. Hall accepted the payment and dismissed the suit, the costs of which totaled $485. There is no evidence in the record that Ms. Holloway was informed of those costs.
Ms. Holloway failed to make a payment in November, but paid one installment in December. When she also failed to make a payment in January 2000, Hall elected to accelerate the balance due on the note and filed suit on February 3, 2000.
Ms. Holloway failed to appear at trial and the only witness to testify was Mr. Donald Mason, the assistant manager of Hall, who serviced Ms. Holloway’s account.[1] Mr. Mason testified concerning the payments Ms. Holloway made on the loan, the filing and subsequent dismissal of the first suit and the application of | gMs. Holloway’s payments to the balance Hall considered to be owed by Ms. Holloway. The trial court subsequently rendered judgment in favor of Hall and included $435 in “additional costs” to cover the amount of costs incurred in the filing of the first suit.
Ms. Holloway has appealed, raising the following issues: (1) whether the trial court could assess costs arising from another legal proceeding on the same promissory note; and (2) whether Hall should be estopped from demanding strict performance after accepting late payments on the note without objection. Hall has answered the appeal requesting an increase in attorney fees for the defense of the appeal.

DISCUSSION

Costs of First Suit

We will first address whether the trial court had the authority to award Hall the costs of the initial proceeding, thereby assessing them against Ms. Holloway, in this second proceeding. Hall submits that the award of “additional costs” is proper because paragraph 8 of the promissory note states that the parties bind themselves “for the payment hereof in principal, *110 interest, costs and attorney’s fees.” We do not, however, construe the word “costs” in this context to include the cost of the initial suit that was dismissed as the result of Ms. Holloway making two payments and paying a late fee.
Pursuant to La. C.C.P. art. 1671, a plaintiff may move for the voluntary dismissal of an action upon application for such and payment of all costs. As a general rule, therefore, the plaintiff, not the defendant, is responsible for payment of all costs on a voluntary dismissal. Taylor v. Zeno, 595 So.2d 1210 (La.App. 3rd Cir.1992); Speaks v. New York Life Insurance Co., 96-2483 (La.App.4th Cir.4/30/97), 693 So.2d 340; writ denied, 97-1516 (La.9/26/97), 701 So.2d 987.
IsHad Hall so chosen, it could have pursued its initial suit to judgment, having Ms. Holloway cast with costs if it prevailed, instead of dismissing the suit and incurring the cost of filing a second suit. See also John Deere Co. v. Eames, 556 So.2d 959 (La.App. 3rd.Cir.1990), in which costs for a failed attempt at an executory proceeding were assessed to the creditor who brought the action. The court in John Deere Co., supra, opined that to assess the costs to the defendant in the suit would be inequitable and an abuse of discretion.
We further disagree with Hall’s argument that, to prevent its recovery of costs from the first suit in the second suit, would be similar to preventing a creditor from recovering the costs of foreclosure in a subsequent suit for deficiency judgment. A suit for deficiency judgment is a foreseeable consequence of foreclosure, not the refiling of the same foreclosure suit. Thus, while Hall is entitled to costs associated with this suit, Hall is not entitled to costs associated with the initial suit.
Finally, by accepting Ms. Holloway’s payments and agreeing to continue with the loan, despite her initial failure to make the first payment, Hall must be considered as having compromised its differences with Ms. Holloway and as having taken the risk that she would pay the contracted installments timely. Further, to the extent that there is any ambiguity in the wording of the boilerplate provisions of the promissory note, that ambiguity must be construed against Hall as the drafter of the boilerplate language of the promissory note. See Whitney National Bank of New Orleans v. Derbes, 436 So.2d 1185 (La.App. 4th Cir.1983), writ denied, 441 So.2d 1220 (La.1983) and cert denied, O’Quinn v. Whitney National Bank of New Orleans, 466 U.S. 938, 104 S.Ct. 1912, 80 L.Ed.2d 460 (1984).
See also La. C.C. art. 2056, which states that a contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the 14other party. We find, therefore, that the trial court erred in awarding $435 in “additional costs” to Hall.

Forbearance

Forbearance is a circumstance which can give rise to estoppel. Forbearance exists when a creditor acquiesces in or tolerates substandard performance of an obligation by the debtor without exercising his rights to enforce the obligation, thereby implying that such conduct is sufficient. Troy & Nichols, Inc. v. Ratcliffe, 584 So.2d 1230 (La.App. 2d Cir.1991); First National Bank v. Higgs, 406 So.2d 673 (La.App. 2d Cir.1981). When forbearance reaches the level of equitable es-toppel, the creditor will be barred from suddenly demanding strict performance in order to avoid injustice to the debtor. Troy & Nichols, Inc., supra; First National Bank, supra; Sternberg v. Mason, 339 So.2d 373 (La.App. 1st Cir.1976), writ *111 denied, 341 So.2d 901 (La.1977); Calhoun v. Huffman, 217 So.2d 733 (La.App. 3d Cir.1969), writs refused, 253 La. 878, 220 So.2d 460 (1969). The creditor’s mere acquiescence or forbearance by not using all of his rights, however, when accompanied by protest or complaints to the debtor, does not rise to the level of estoppel which will later bar the creditor from using those rights to enforce the obligation. Troy & Nichols, Inc ., supra; First National Bank, supra; Burris v. Gay, 324 So.2d 11 (La.App. 2d Cir.1975), writ denied, 326 So.2d 377 (La.1976). We, therefore, find that the principle of estoppel is inapplicable in the instant case.
As previously noted, the initial September 1999 payment which Ms. Holloway failed to pay resulted in Hall filing suit against her. The suit was only dismissed pursuant to Ms. Holloway making two payments plus paying a late fee in October, which brought the balance of the loan current. After a missed payment in November, Ms. Holloway made one payment in December and then missed her January payment, resulting in a second suit filed by Hall on February 3, |52000. This history shows that, after the compromise in October, Hall accepted only one late payment from Ms. Holloway before filing suit in February 2000. These circumstances can hardly be said to amount to routine acceptance of late payments over an extended period of time so as to create a justifiable belief that late payment is of no moment. Accordingly, we affirm that portion of the trial court’s judgment allowing acceleration of the promissory note.

Attorney Fees

Finally, we deny Hall’s answer to this appeal in which it seeks an increase in attorney fees awarded by the trial court to compensate for the services performed on appeal. We first note that Ms. Holloway was partially successful in her appeal. We further note that the promissory note on which Hall sued Ms. Holloway provided for an award of attorney fees of 25 percent of the principal of the note, plus interest. In awarding such, the trial court awarded the maximum attorney fees allowed pursuant to the promissory note. Further, pursuant to La. R.S. 9:3534, a consumer credit transaction agreement may not provide for payment by the consumer of attorney fees in excess of 25 percent of the unpaid debt. We, therefore, will not award more.

CONCLUSION

For the foregoing reasons, we reverse that portion of the trial court’s judgment awarding $435 in “additional costs” to Plaintiff, Hall Financial Services, Inc., and against Defendant, Eura Dell Holloway. In all other respects, the judgment of the trial court is affirmed. Costs on appeal shall be divided equally between the parties.
REVERSED IN PART AND AFFIRMED IN PART.

. Ms. Holloway's attorney requested a continuance because Ms. Holloway, a double amputee, was not present, and the attorney did not know why. The judge denied the request.